# EXHIBIT B

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| SM KIDS, LLC, a Delaware limited liability company, as successor-in-interest to STELOR PRODUCTIONS, LLC, | Index No. |
| Plaintiff, | **SUMMONS** |
| - against - | |
| GOOGLE LLC, a Delaware limited liability company; ALPHABET INC., a Delaware corporation; XXVI HOLDINGS INC., a Delaware corporation; and JOHN AND/OR JANE DOES 1-100, Inclusive, | |
| Defendants. | |

To the above-named Defendants:

- **Google LLC**, c/o Corporation Service Company, 80 State Street, Albany, New York, 12207.

- **Alphabet Inc.**, c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

- **XXVI Holdings Inc.**, c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware, 19808.

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

Venue was designated based upon CPLR 501 and CPLR 503(c).

Dated: New York, New York
February 23, 2018

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Geoffrey S. Brounell
    Geoffrey S. Brounell
    1251 Avenue of the Americas, 21st floor
    New York, New York 10020
    Tel: (212) 489-8230
    Fax: (212) 489-8340
    geoffreybrounell@dwt.com

    Bruce Isaacs (*pro hac vice* forthcoming)
    Robert Wyman (*pro hac vice* forthcoming)
    865 S Figueroa Street, Suite 2400
    Los Angeles, CA 90017
    Tel: (213) 633-6808
    Fax: (213) 633-6899
    bruceisaacs@dwt.com
    bobwyman@dwt.com

    *Attorneys for Plaintiff*

2

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM

NYSCEF DOC. NO. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------- x

SM KIDS, LLC, a Delaware limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

                  Plaintiff,

        - against -

GOOGLE LLC, a Delaware limited liability
company; ALPHABET INC., a Delaware
corporation; XXVI HOLDINGS INC., a
Delaware corporation; and JOHN AND/OR
JANE DOES 1-100, Inclusive,

                Defendants.

-------------------------------------------------- x

Index No.

**COMPLAINT**

    SM Kids, LLC, a Delaware limited liability company, as the successor-in-interest to

Stelor Productions, LLC ("Stelor"), alleges against Defendants Google Inc., a Delaware limited

liability company, Alphabet Inc., a Delaware corporation, XXVI Holdings Inc., a Delaware

corporation (collectively, "Google"), and Does 1- 100, inclusive, as follows:

## INTRODUCTION

    1.    Before there was "Google," there was "Googles," a multimedia platform for

children.  Googles, founded in the mid-1990s, develops music, books, animated series, and other

media such as live action short form and reality-based content with the goal of providing

children with guidance and support through the use of fun, safe, and educational messages.  At

all times relevant to this lawsuit, Stelor possessed the rights to Googles, including ownership of

certain trademark registrations for Googles and design and the googles.com domain name and

website.

    2.    In 2008, Google — not yet the world-dominating behemoth it is today — reached

an agreement with Stelor to settle litigation arising out of the understandable confusion between

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

the "Google" and "Googles" brands (the "Settlement Agreement" or "Agreement").  As part of

the Settlement Agreement, Google agreed not to make any material modifications to its then-

current offering of search engine-related products or services in a manner that would likely

create confusion with Stelor's children's-related multimedia business, including, for example, by

creating, designing, or publishing products that provide fictional children's-related content.

     3.    By consenting to the Settlement Agreement, Stelor permitted Google to move

forward with the Google trademark, tradename, domain name, and website, thereby enabling

Google to grow into a company that is currently valued at more than $800 billion (a market cap

of approximately $800 billion as of the filing of this complaint).  In exchange, Stelor asked for

— and Google agreed to make — one simple concession:  not to modify its business to create

confusion or compete with Stelor's children's-related multimedia platform.

     4.    Notwithstanding this Agreement, Google has since made intentional business

decisions in violation of this written promise — decisions that have debilitated Stelor's business.

First, Google created "Google Play," a digital service operated and developed by Google that

curates, publishes, distributes, and sells, among other things, children's content in the form of

mobile applications or "apps," games, music, books, movies, television shows, magazines, and

more.  Second, Google launched "YouTube Kids," a stand-alone mobile application built

specifically for children and child-appropriate content; as described by Google, YouTube Kids is

"the first Google product built from the ground up with little ones in mind."  YouTube Kids

curates, publishes, and distributes, among other things, children's content in the form of videos,

including original children's programming developed by Google.  Consumers visiting the

YouTube Kids website are made aware that YouTube Kids is a web product / service provided

by Google and marketed under the Google banner.  Since 2008, Google has also made numerous

other modifications to its offering of products and services that have created confusion with Stelor's children's-related multimedia business, including the purchase of Launchpad Toys, its "Toontastic" App, and other offerings of children's-related products and services.

5.     The release of these products and services constitutes an unequivocal breach of the Settlement Agreement by Google.  By so doing, Google has severely damaged Stelor's business:  investors and financiers are unwilling to provide capital to Stelor to promote its children's-related multimedia content business under the name Googles because they are concerned that Google has already prevented Stelor from progressing with and growing its business.  In other words, Google has acted to undermine the purpose of the parties' Agreement by preventing Stelor from functioning within the very space carved out for Googles in the Settlement Agreement:  children's multimedia content.  In this respect, Google has precluded Stelor from realizing the intended benefits of the Settlement Agreement for which it bargained while at the same time reaping billions of dollars in value for the use of its Google trademark allowed under the Settlement Agreement.

6.     Alphabet's corporate motto is "Do the right thing," a corollary to Google's famous "Don't be evil."  Unfortunately, in this case, Google did the wrong thing:  in an effort to achieve ever-increasing profits and market share domination, Google disregarded a contractual agreement that enabled it to secure such lofty profits in the first place. In this lawsuit, Stelor seeks to hold Google accountable for its broken promises.

## THE PARTIES

7.     SM Kids, LLC is a Delaware limited liability company.  SM Kids, LLC is the successor-in-interest to Stelor Productions, LLC.  SM Kids, LLC owns and controls all of the assets of Stelor Productions, LLC including, but not limited to, all of its business assets, all trademarks, all tradenames, all domain names, all websites and the goodwill associated

3

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

therewith.  In this respect, SM Kids, LLC, LLC is the owner of the Googles trademark,

tradename, domain name and website and is the successor-in-interest to the Settlement

Agreement and all rights and benefits set forth therein.  For ease of reference, and as set forth

above, SM Kids, LLC as the successor-in-interest to Stelor Productions, LLC, is referred to in

the Complaint as "Stelor."

     8.     Google LLC is a Delaware limited liability company that conducts business in

New York and within the State of New York, County of New York.

     9.     Alphabet Inc. is a Delaware corporation that conducts business in New York and

within the State of New York, County of New York.

     10.     XXVI Holdings Inc. is a Delaware corporation that conducts business in New

York and within the State of New York, County of New York.

     11.     The true names and capacities of Defendants sued as Does 1 through 100,

inclusive, are currently unknown to Stelor at this time, who therefore sues these Defendants by

such fictitious names.  Stelor will seek leave to amend this Complaint to insert the true names

and capacities of the fictitiously named Defendants when they are ascertained.  Stelor is

informed and believes, and based thereon alleges, that each of the Defendants sued as Does 1

through 100 is in some manner responsible or liable for the acts, occurrences and damages

alleged in this Complaint and/or that Stelor is entitled to recover monetary damages, injunctive

relief and declaratory relief as against each of them.

     12.     Stelor is informed and believes, and based thereon alleges, that at all times

relevant to this Complaint, the above-named Defendants, including the Doe Defendants, and

each of them, were the agents, employees, partners, members, managing members, officers,

directors, shareholders, successors-in-interest, predecessors-in-interest, co-venturers, affiliated

4

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM

NYSCEF DOC. NO. 1

INDEX NO. 650870/2018

RECEIVED NYSCEF: 02/23/2018

companies and related companies of the remaining co-Defendants and, in doing the acts alleged herein, each was acting within the course and scope of such agency, service, employment, partnership, company or corporate capacity, interest or venture, with the authorization, ratification, approval and/or agreement of their principals or the remaining co-Defendants.

## JURISDICTION AND VENUE

13.     By virtue of the Settlement Agreement, and given the lack of complete diversity in this matter, the parties have previously agreed that this Complaint must be filed in the Supreme Court of the State of New York, County of New York.

14.     Venue is proper in this court because Google conducts business within the State of New York, County of New York and because the parties have previously agreed to this venue in the Settlement Agreement.

## FACTUAL ALLEGATIONS

### Googles — And Googles.Com — Existed As A Multimedia Platform For Children's Content Prior To The Founding Of Google

15.     Googles, which started as a book "The Googles from Goo" (1995) — as well as a domain name, www.googles.com — subsequently became a multimedia platform for children that develops music, books, animated series, and other media such as live action short form and reality-based content with the goal of providing children with guidance and support through the use of fun, safe, and educational messages.  At all times relevant to this lawsuit, Stelor possessed the rights to Googles, including ownership of certain trademark registrations for Googles and design and the googles.com domain name and website.

16.     At all times from its inception to the present time, Googles' primary business objective has been to create and disseminate children's-related content  in an attempt to stimulate children's minds and to instill in them important core values such as self-esteem, kindness, good

5

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

NYSCEF DOC. NO. 1

manners and respect for the environment. This was Stelor's business model in 2008 — and it remains Stelor's business model today.

      17.     In the early-2000s, a rising, but not yet fully successful, company named Google sought to make use of a trademark registration for GOOGLE and design as well as the google.com domain name and website. Google was founded in 1998, after Googles. The Googles.com domain name had also been registered prior to Google.com.

### Google's Infringing Conduct Resulted In Litigation And Ultimately The Settlement Agreement At Issue In This Litigation

      18.     Google's then-infringing behavior led to litigation between Stelor and Google, which ultimately culminated in a settlement. As part of the settlement, Stelor and Google entered into a Settlement Agreement dated as of December 16, 2008 (the "Settlement Agreement" or "Agreement" referenced previously) in which Stelor agreed that Google would be entitled to make use of the Google design trademark, tradename, domain name and website in exchange for Google's agreement not to intentionally make modifications to its then current offerings of search-engine related products and services so as to create confusion with Stelor's children-related products and services.

      19.     In particular, and as set forth in paragraph 7 of the Settlement Agreement, Google specifically agreed "that it will not intentionally make material modifications to its current offering of products or services in a manner that is likely to create confusion in connection with Stelor's present business." Paragraph 7 of the Settlement Agreement continues: "Google will not, for example, create, develop and publish fictional children's books, fictional children's videos or other fictional children's-related content that have a title of 'GOOGLE' or a 'GOOGLE-' formative title or mark."

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM

NYSCEF DOC. NO. 1

INDEX NO. 650870/2018

RECEIVED NYSCEF: 02/23/2018

20.    Google therefore explicitly agreed in the Settlement Agreement not to make any material modifications to its then-current offering of search engine-related products or services in a manner that would likely create confusion with Stelor's children's-related multimedia business. Google agreed, for example, that it would be prohibited from creating children's fictional books, videos and content, prohibited from developing children's fictional books, videos and content, and prohibited from publishing children's fictional books, videos and content.

21.    By consenting to the Settlement Agreement, Stelor permitted Google to move forward with the Google trademark, tradename, domain name, and website, thereby enabling Google to grow into a company that is currently valued at more than $800 billion (a market cap of approximately $800 billion as of the filing of this complaint). In exchange, Stelor asked for — and Google agreed to make — one simple concession: not to modify its business to create confusion or compete with Stelor's children's-related multimedia platform.

**Google Has Violated The Settlement Agreement By Intentional Modifying Its Products In A Manner That Creates Confusion With Stelor's Children-Related Multimedia Business**

22.    Notwithstanding this Agreement, since 2008, Google made conscious and intentional business decisions to modify its offerings of products and services that have created confusion in connection with Stelor's children-related products and services. This includes, but is not limited to, the creation of Google Play and YouTube Kids.

**Google Play**

23.    On March 6, 2012, Google launched "Google Play," a digital distribution service operated and developed by Google. "Google Play" serves as the official mobile application or "app" store for phones, tablets, and other devices that run the Android operating system. (By one estimate, approximately 80% of the smartphones in the world run on Android.[1]) Google

---

[1] http://europa.eu/rapid/press-release_IP-16-1492_en.htm.

7

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM          INDEX NO. 650870/2018

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 02/23/2018

Play is also available as part of Google's Chrome Operating System or by simply directing any

web browser to play.google.com/store.  Google Play — whether accessed through Android's

operating system, Chrome's operating system, or a web browser — consists of not only "apps"

but also the following products: "Google Play Games," "Google Play Music," "Google Play

Books," "Google Play Movies & TV," and "Google Play Newsstand."  As the names suggest,

Google Play distributes not only "apps," but also games, music, books, movies, television shows,

and various news-related products, products which target the children's market.

       24.     In order to distribute any content through Google Play, developers must agree to

the "Google Play Developer Distribution Agreement" (the "Distribution Agreement").[2]  In the

Distribution Agreement, Google describes its role as "display[ing] and "mak[ing] Products

available for viewing, download, and purchase by users."  Moreover, by consenting to the

Distribution Agreement, developers must also agree to Google Play's "Developer Program

Policies,[3]" as well as the Google Play "Terms of Service.[4]"  The Distribution Agreement then

permits Google to "takedown" any Product on Google Play that violates either its Terms of

Service or its Developer Program Policies, both of which are subject to change by Google at any

time.  Thus, Google exercises this essentially unlimited curation power as the publisher, most

notably, for example, by removing the social network application "Gab," and the privacy

applications "Disconnect Mobile" "AdBlock Plus" and "Adblock Fast," all for allegedly

violating various Google Play policies or Terms of Service.

       25.     Google Play therefore functions as a publisher — curating, distributing, and

selling content targeted for the children's market in every form of media imaginable:  "apps,"

---

[2]  The Google Play Distribution Agreement effective at the time of the filing of this Complaint is available at
https://play.google.com/about/developer-distribution-agreement.html (Google Play Developer Distribution
Agreement Effective as of May 17, 2017).
[3] https://play.google.com/intl/None/about/developer-content-policy/#!?modal_active=none.
[4] https://play.google.com/intl/en-us_us/about/play-terms.html.

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

games, music, books, movies, television shows, magazines, and more. The content includes

fictional children's-related content, in plain violation of the parties' Settlement Agreement.

Indeed, Google Play Games, Google Play Movies & TV, and Google Play Books each includes

either a "Family" or "Children's" category, in which Google Play publishes *exclusively*

children's-related content, including fictional children's-related content. For example: Google

Play publishes in the "Google Play Books" store under the category of "Children's Books" a

broad selection of fictional children's literature;[5] in the "Family" section of "Googles Movies &

TV," Google Play likewise publishes an assortment of children's fictional television and

movies.[6] In so doing, Google is not merely providing search-engine functionality, it is acting as

a publisher of products and services targeted for the children's market.

26.     Google Play had over 82 billion app downloads in 2016 and has reached over 3.5

million apps published in 2017. Google Play surpassed more than 1 billion active monthly users

in 2015 and continues to expand its user base.

**YouTube Kids**

27.     On February 23, 2015, Google announced the launching of "YouTube Kids," a

stand-alone mobile application built for children and child-appropriate content. YouTube Kids is

available on both Google Play and the Apple "App Store."

28.     YouTube and YouTube Kids are Google-formative titles and marks. As

described by Google in the blog post announcing the creation of YouTube Kids: "Today, we're

introducing the YouTube Kids app, the first *Google* product built from the ground up with little

---

[5] https://play.google.com/store/books/category/coll_1689.
[6] https://play.google.com/store/movies/category/FAMILY.

9

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM

NYSCEF DOC. NO. 1

INDEX NO. 650870/2018

RECEIVED NYSCEF: 02/23/2018

ones in mind."[7]  (emphasis added.)  This statement confirms what the entire world already knows:  YouTube and YouTube Kids are brands that are synonymous with Google.

29.      Moreover, both Google Play and the Apple App Store explicitly associate the Google name with the YouTube Kids application.

30.      Below is the Apple App Store image for YouTube Kids, which prominently displays the Google mark.[8]



**YouTube Kids**  4+

Best video app for all kids

Google, Inc.

#16 in Entertainment

★★★★★ 23.6K Ratings

Free

31.      Below is the Google Play image for YouTube Kids, which likewise prominently displays the Google mark:[9]



YouTube Kids                              Editors' Choice

Google LLC   Entertainment   Music & Video      ★★★★★ 379,760 ≗

Everyone

Contains ads

⚠ You don't have any devices

Add to Wishlist        Install

32.      Google describes YouTube Kids as an "app [that] makes it safer and easier for children to find videos on topics they want to explore."  Specifically:

---

[7] https://youtube.googleblog.com/2015/02/youtube-kids.html.
[8] *See* https://itunes.apple.com/us/app/youtube-kids/id936971630?mt=8.
[9] *See* https://play.google.com/store/apps/details?id=com.google.android.apps.youtube.kids&hl=en.

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM

NYSCEF DOC. NO. 1

INDEX NO. 650870/2018

RECEIVED NYSCEF: 02/23/2018

For years, families have come to YouTube, watching countless hours of videos on all kinds of topics. Now, parents can rest a little easier knowing that videos in the YouTube Kids app are narrowed down to content appropriate for kids. You can browse channels and playlists in four categories: Shows, Music, Learning and Explore. Or search for videos of particular interest to your family, like how to build a model volcano, math tutorials, the amazing (and endless) world of trains—and everything in between.

Along with favorites from DreamWorksTV, Jim Henson TV, Mother Goose Club, Talking Tom and Friends and more, your kids can watch new series from YouTube channels they already like. Discover new facts about dinosaurs from National Geographic Kids; learn about technology from Reading Rainbow; or watch Thomas the Tank Engine leave the world of Sodor for the first time in 70 years to travel the globe.[10]

33.     Google curates the content on YouTube Kids through the use of algorithmic features, a team of thousands of actual human beings that manually review videos, and also by relying on user reviews to flag content that is inappropriate for children.[11]

34.     Accordingly, YouTube Kids is a Google product that explicitly curates, publishes, and distributes *exclusively* children's content in the form of videos. YouTube Kids contains millions of videos, including fictional children's-related content, featuring, for example, Thomas the Tank Engine, Sesame Street characters, Disney characters, comic book characters, various popular cartoon characters, and many, many more.

35.     Google not only curates, publishes and distributes but also *creates* fictional children's-related content on YouTube Kids. In February 2017, Google announced that its Original Content Team has added four new original fictional series "created especially with the YouTube Kids app in mind."[12]

---

[10] https://youtube.googleblog.com/2015/02/.
[11] https://www.theverge.com/2017/11/9/16629788/youtube-kids-distrubing-inappropriate-flag-age-restrict.
[12] https://youtube.googleblog.com/2017/02/youtube-kids-turns-2-and-theres-lots-to.html.

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM

NYSCEF DOC. NO. 1

INDEX NO. 650870/2018

RECEIVED NYSCEF: 02/23/2018

36.     As of February 2017, YouTube Kids had amassed over 30 billion views and more than 8 million weekly active users.[13]  Google sells ads against the videos that appear on YouTube Kids.[14]  Google derives substantial revenues by doing so, revenues earned in violation of the Settlement Agreement.

**Google Has Made Additional Intentional Modifications To Its Products In A Manner That Creates Confusion With Stelor's Children-Related Multimedia Business**

37.     Since 2008, Google has also made numerous other modifications to its offerings of products and services that have created confusion with Stelor's children's-related multimedia business including, but not limited to, convening "Camp Google," a month long online science camp for kids,[15] initiating "Project Bloks," an open hardware platform designed to teach kids how to code,[16] purchasing Launchpad Toys, which produces an app called "Toontastic" that allows children to tell stories through animations,[17] and creating and launching numerous other offerings of children's-related products and services.

**Google Has Breached The Settlement Agreement And Has Not Acted In Good Faith**

38.     By creating and launching Google Play, YouTube Kids, and these other children's-related multimedia products and services, Google intentionally modified its offerings of products and services in such a way as to move its business into the realm of children-related multimedia, including fictional children's related content, and is thus in breach of the Settlement Agreement.

39.     This conduct by Google not only violates the Settlement Agreement, in particular paragraph 7 thereof, it has severely damaged Stelor's business in that investors and financiers are

---

[13] https://youtube.googleblog.com/2017/02/youtube-kids-turns-2-and-theres-lots-to.html.
[14] https://support.google.com/youtube/answer/6168681?hl=en.
[15] https://9to5google.com/2015/07/06/camp-google-weekly-collection-science-lessons-kids/.
[16] https://projectbloks.withgoogle.com/.
[17] https://techcrunch.com/2017/01/12/googles-toontastic-storytelling-app-for-kids-goes-3d/.

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

unwilling to provide capital to Stelor to promote its children's-related content business under the

name Googles because such investors and financiers believe that Google has already prevented

Stelor from progressing with and growing its business.

### FIRST CAUSE OF ACTION
**(For Breach of Contract Against Google, Alphabet, XXVI Holdings and Does 1 through 50)**

40.     Stelor incorporates by reference paragraphs 1 through 39 above as though fully

set forth herein.

41.     Stelor and Google entered into the Settlement Agreement.

42.     Stelor has performed all of the covenants and conditions required to be performed

by Stelor pursuant to the Settlement Agreement, except those waived, prevented, excused or

rendered unnecessary by virtue of Google's breach.

43.     Google has breached the Settlement Agreement, among other breaches, as

follows:  (a) by intentionally modifying the offerings of its products and services to include the

product / service Google Play, under the Google banner, which publishes children's-related

content, including fictional children's-related content; (b) by intentionally modifying the offering

of its products and services to include the product / service YouTube Kids, under the Google

banner, which publishes children's-related content, including fictional children's-related content;

(c) by creating, developing and publishing children's mobile applications or "apps"; (d) by

creating, developing and publishing children's games; (e) by creating, developing and publishing

children's music; (f) by creating, developing and publishing children's books;(g) by creating,

developing and publishing children's movies, television shows, or other videos; (h) by creating,

developing and publishing children's magazines; and (i) by creating, developing and publishing

other children's-related content, including, but not limited to, Camp Google, Project Bloks and

Launchpad Toys and other offerings of children-related products and services.

13

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

44.    As a direct and proximate result of Google's breach of the Settlement Agreement, Stelor has been damaged in an amount according to proof at the time of trial, but at least in the amount of Twenty Five Million Dollars ($25,000,000), together with interest thereon at the maximum allowable legal rate.

## SECOND CAUSE OF ACTION
### (For Breach of the Implied Covenant of Good Faith and Fair Dealing Against Google, Alphabet, XXVI Holdings and Does 1 through 50)

45.    Stelor incorporates by reference paragraphs 1 through 44 above as though fully set forth herein.

46.    The Settlement Agreement contains an implied covenant that Google shall, at all times, act in good faith and deal fairly with Stelor and will refrain from any acts which would prevent Stelor from realizing the intended benefits of the Settlement Agreement including, but not limited to, Google's agreement not to make any material modifications to its then-current offerings of search engine-related products or services in a manner that would likely create confusion with Stelor's children's-related multimedia business including, for example, by creating, designing, or publishing products that provide fictional children's-related content.

47.    By virtue of the allegations set forth in paragraph 43 above, Google has breached the implied covenant of good faith and fair dealing.

48.    In addition, a search for Googles on the Google search engine does not return a reference to Googles.com. This further undermines Stelor's ability to promote its multimedia children's business.

49.    As a direct and proximate result of Google's breach of the implied covenant of good faith and fair dealing, Stelor has been damaged in an amount according to proof at the time of trial, but at least in the amount of Twenty Five Million Dollars ($25,000,000), together with interest thereon at the maximum allowable legal rate.

14

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

## THIRD CAUSE OF ACTION
### (For Injunctive Relief Against Google, Alphabet, XXVI Holdings and Does 51 through 100)

50.    Stelor incorporates by reference paragraphs 1 through 43 and 46 through 48 as though fully set forth herein.

51.    Inasmuch as the Settlement Agreement prevents Google from creating, developing and publishing children's-related content and, for example, fictional children's-related content, and because Google has nevertheless done so as alleged above, Stelor is entitled to the issuance of a temporary, preliminary and permanent injunction which prohibits Google from any violation of the Settlement Agreement and which, in particular, prohibits Google from publishing, operating and profiting from Google Play, from publishing, operating and profiting from YouTube Kids and from publishing, operating and profiting from other products and services which target the children's content market.

## FOURTH CAUSE OF ACTION
### (For Declaratory Relief Against Google, Alphabet, XXVI Holdings and Does 1 through 100)

52.    Stelor incorporates by reference paragraphs 1 through 51 above as though fully set forth herein.

53.    Stelor contends that by virtue of the Settlement Agreement and on a going-forward basis, Google is precluded from creating, developing and publishing children's-related content and, for example, children's fictional books, videos and content and, at the same time, Stelor is entitled to conduct its own children-related content business under the trade name Googles, by making use of the Googles and design trademark and the Googles domain name and website.

15

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

54.    Stelor is informed and believes, and based thereon alleges, that Google and the Doe-Defendants, and each of them, deny and dispute Stelor's contentions and allegations as set forth above.

55.    In this respect, there is an actual and existing controversy between Stelor, on the one hand, and Google, on the other, concerning their respective rights, duties and obligations relating to: (i) the Settlement Agreement; (ii) whether or not Google is prohibited from publishing, operating and profiting from Google Play; (iii) whether or not Google is prohibited from publishing, operating and profiting from YouTube Kids; (iv) whether or not Google is precluded from creating, developing and publishing children's mobile applications or "apps," games, music, books, movies, television shows, magazines, and other content; and (v) whether or not Stelor is entitled to conduct its own children-related content business under the trade name Googles, by making use of the Googles trademark and design and the Googles domain name and website. This controversy is the proper subject for declaratory relief. A judicial declaration is necessary and appropriate at the present time so that the parties may ascertain their respective rights, duties and obligations, on a moving-forward basis, with respect to the agreements, transactions and conduct at issue.

**PRAYER FOR RELIEF**

WHEREFORE, Stelor hereby prays for relief as follows:

1.    for compensatory damages in an amount according to proof at the time of trial, but at least in the amount of Twenty Five Million Dollars ($25,000,000), together with interest thereon at the maximum allowable legal rate;

2.    for temporary, preliminary and permanent injunctive relief which prohibits Google from (i) publishing, operating and profiting from Google Play; (ii) publishing, operating and profiting from YouTube Kids; (iii) creating, developing and publishing any children's-

16

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

content, including fictional children's-related content; (iv) creating, developing and publishing

children's mobile applications or "apps"; (v) creating, developing and publishing children's

games; (vi) creating, developing and publishing children's music; (vii) creating, developing and

publishing children's books; (viii) creating, developing and publishing children's movies,

television shows, or other videos; (ix) creating, developing and publishing children's magazines;

and (x) creating, developing and publishing other children's-related content including, but not

limited to, Camp Google, Project Bloks, and Launchpad Toys.

      3.    for a declaration from this Court that, on a moving-forward basis, Google is

prohibited from (i) publishing, operating and profiting from Google Play; (ii) publishing,

operating and profiting from YouTube Kids; (iii) creating, developing and publishing any

children's-related content, including fictional children's-related content; (iv) creating, developing

and publishing children's mobile applications or "apps" (v) creating, developing and publishing

children's games; (vi) creating, developing and publishing children's music; (vii) creating,

developing and publishing children's books (viii) creating, developing and publishing children's

movies, television shows, or other videos (ix) creating, developing and publishing children's

magazines; and (x) creating, developing and publishing other children's-related content,

including, but not limited to, Camp Google, Project Bloks, and Launchpad Toys.

      4.    for costs of suit; and

      5.    for such other and further relief as the Court may deem just and proper.

17

FILED: NEW YORK COUNTY CLERK 02/23/2018 11:07 AM
NYSCEF DOC. NO. 1

INDEX NO. 650870/2018
RECEIVED NYSCEF: 02/23/2018

Dated: New York, New York
February 23, 2018

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Geoffrey S. Brounell
     Geoffrey S. Brounell

1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
Tel:  (212) 489-8230
Fax:  (212) 489-8340
geoffreybrounell@dwt.com

Bruce Isaacs (*pro hac vice* forthcoming)
Robert Wyman (*pro hac vice* forthcoming)
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel:  (213) 633-6808
Fax: (213) 633-6899
bruceisaacs@dwt.com
bobwyman@dwt.com

*Attorneys for Plaintiff*

18

INDEX NO. 650870/2018

FILED: NEW YORK COUNTY CLERK 02/23/2018 05:14 PM

NYSCEF DOC. NO. REQUEST FOR JUDICIAL INTERVENTION      For Court Clerk Use Only 2/23/2018

UCS-840 (7/2012)                                        IAS Entry Date

Supreme _____ COURT, COUNTY OF _____ New York

Index No: _____ 650870/2018 ___   Date Index Issued: ____ 02/23/2018 ____

                                                        Judge Assigned

                                                        RJI Date

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

SM KIDS, LLC,

Plaintiff(s)/Petitioner(s)

-against-

GOOGLE LLC, et al.

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:**   Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ○ Contested
  **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum.** For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____
  (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability:_____
  (specify)
- ○ Other Negligence:_____
  (specify)
- ○ Other Professional Malpractice:_____
  (specify)
- ○ Other Tort:_____
  (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution   [see **NOTE** under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other:_____
  (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ⊙ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial:_____
  (specify)
  **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum.**

**REAL PROPERTY:** How many properties does the application include? _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
Property Address: _____
  Street Address          City          State     Zip
  **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Tax Foreclosure
- ○ Other Real Property:_____
  (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)   [see **NOTE** under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene:_____
  (specify)
- ○ Other Special Proceeding:_____
  (specify)

**STATUS OF ACTION OR PROCEEDING:**   Answer YES or NO for EVERY question AND enter additional information where indicated.

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ⊙ | ○ | If yes, date filed: 02/23/2018 |
| Has a summons and complaint or summons w/notice been served? | ○ | ⊙ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ⊙ | If yes, judgment date: _____ |

1 of 4

INDEX NO. 650870/2018

**FILED: NEW YORK COUNTY CLERK 02/23/2018 05:14 PM**

NYSCEF DOC. NO. 3   RECEIVED NYSCEF: 02/23/2018

**NATURE OF JUDICIAL INTERVENTION:**   Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice   Date Issue Joined: _____
- ○ Notice of Motion   Relief Sought: _____   Return Date: _____
- ○ Notice of Petition   Relief Sought: _____   Return Date: _____
- ○ Order to Show Cause   Relief Sought: _____   Return Date: _____
- ○ Other Ex Parte Application   Relief Sought: _____
- ○ Poor Person Application
- ● Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other  (specify): _____

**RELATED CASES:**   List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the RJI Addendum. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:**   For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the RJI Addendum.

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants:<br>Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | SM KIDS, LLC   *Last Name*<br><br>*First Name*<br>*Primary Role:*<br>Plaintiff<br>*Secondary Role (if any):* | Brounell   *Last Name*   Geoffrey   *First Name*<br>Davis Wright Tremaine LLP   *Firm Name*<br>1251 Avenue of the Americas   New York   New York   10020<br>*Street Address*   *City*   *State*   *Zip*<br>+1 (212) 489-8230   +1 (212) 489-8340   geoffreybrounell@dwt.com<br>*Phone*   *Fax*   *e-mail* | ○ YES<br><br>● NO |  |
| ☒ | GOOGLE LLC,   *Last Name*<br><br>*First Name*<br>*Primary Role:*<br>Defendant<br>*Secondary Role (if any):* | *Last Name*   *First Name*<br>*Firm Name*<br>*Street Address*   *City*   *State*   *Zip*<br>*Phone*   *Fax*   *e-mail* | ○ YES<br><br>● NO |  |
| ☒ | ALPHABET INC.   *Last Name*<br><br>*First Name*<br>*Primary Role:*<br>Defendant<br>*Secondary Role (if any):* | *Last Name*   *First Name*<br>*Firm Name*<br>*Street Address*   *City*   *State*   *Zip*<br>*Phone*   *Fax*   *e-mail* | ○ YES<br><br>● NO |  |
| ☒ | XXVI HOLDINGS INC.   *Last Name*<br><br>*First Name*<br>*Primary Role:*<br>Defendant<br>*Secondary Role (if any):* | *Last Name*   *First Name*<br>*Firm Name*<br>*Street Address*   *City*   *State*   *Zip*<br>*Phone*   *Fax*   *e-mail* | ○ YES<br><br>● NO |  |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 02/23/2018

s/ Geoffrey S. Brounell
**SIGNATURE**

4678827
**ATTORNEY REGISTRATION NUMBER**

Geoffrey S. Brounell
**PRINT OR TYPE NAME**

2 of 4

Print Form

FILED: NEW YORK COUNTY CLERK 02/23/2018 05:14 PM   INDEX NO. 650870/2018

NYSCEF DOC. NO. 2 **Request for Judicial Intervention Addendum**   RECEIVED NYSCEF: 02/23/2018

| | | |
|---|---|---|
| Supreme _____ COURT, COUNTY OF _____ **New York** | Index No: _____ **650870/2018** | |

**For use when additional space is needed to provide party or related case information.**

**PARTIES:** For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☒ | JOHN AND/OR JANE DOES 1-100 Last Name / First Name / Primary Role: Defendant / Secondary Role (if any): | Last Name / First Name / Firm Name / Street Address / City / State / Zip / Phone / Fax / e-mail | ◯ YES ⦿ NO | |
| ☐ | Last Name / First Name / Primary Role: / Secondary Role (if any): | Last Name / First Name / Firm Name / Street Address / City / State / Zip / Phone / Fax / e-mail | ◯ YES ◯ NO | |
| ☐ | Last Name / First Name / Primary Role: / Secondary Role (if any): | Last Name / First Name / Firm Name / Street Address / City / State / Zip / Phone / Fax / e-mail | ◯ YES ◯ NO | |
| ☐ | Last Name / First Name / Primary Role: / Secondary Role (if any): | Last Name / First Name / Firm Name / Street Address / City / State / Zip / Phone / Fax / e-mail | ◯ YES ◯ NO | |
| ☐ | Last Name / First Name / Primary Role: / Secondary Role (if any): | Last Name / First Name / Firm Name / Street Address / City / State / Zip / Phone / Fax / e-mail | ◯ YES ◯ NO | |
| ☐ | Last Name / First Name / Primary Role: / Secondary Role (if any): | Last Name / First Name / Firm Name / Street Address / City / State / Zip / Phone / Fax / e-mail | ◯ YES ◯ NO | |

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

3 of 4

FILED: NEW YORK COUNTY CLERK 02/23/2018 05:14 PM

NYSCEF DOC. NO. 2

INDEX NO. 650870/2018

RECEIVED NYSCEF: 02/23/2018

UCS-840C
3/2011

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF** New York _____ x

SM KIDS, LLC,

Plaintiff(s)/Petitioner(s)

-against-

GOOGLE LLC, et al.

Defendant(s)/Respondent(s)
_____ x

Index No. 650870/2018 _____

RJI No. (if any) _____

**COMMERCIAL DIVISION**
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

[X] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

[ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

[ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

[ ] Shareholder derivative actions — without consideration of the monetary threshold

[ ] Commercial class actions — without consideration of the monetary threshold

[ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions

[ ] Internal affairs of business organizations

[ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

[ ] Environmental insurance coverage

[ ] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

[ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

[ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ 25,000,000.00 _____

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

An injunction or a declaration prohibiting Google from, among other things, publishing, operating and profiting from Google Play, from publishing, operating and profiting from YouTube Kids and from publishing, operating and profiting from other products and services which target the children's content market. The full scope of requested relief is set forth in the Complaint.

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: 02/23/2018 _____

s/ Geoffrey S. Brounell _____

SIGNATURE

Geoffrey S. Brounell _____

PRINT OR TYPE NAME

4 of 4

FILED: NEW YORK COUNTY CLERK 02/23/2018 05:14 PM

NYSCEF DOC. NO. 3

INDEX NO. 650870/2018 *Print Form*

RECEIVED NYSCEF: 02/23/2018

UCS-840C
3/2011

**SUPREME COURT OF THE STATE OF NEW YORK**

COUNTY OF New York _____ x

SM KIDS, LLC,

Plaintiff(s)/Petitioner(s)

-against-

GOOGLE LLC, et al.

Defendant(s)/Respondent(s) X

Index No. 650870/2018 _____

RJI No. (if any) _____

**COMMERCIAL DIVISION**
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

[X] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

[ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

[ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

[ ] Shareholder derivative actions — without consideration of the monetary threshold

[ ] Commercial class actions — without consideration of the monetary threshold

[ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions

[ ] Internal affairs of business organizations

[ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

[ ] Environmental insurance coverage

[ ] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

[ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

[ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ 25,000,000.00 _____

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

An injunction or a declaration prohibiting Google from, among other things, publishing, operating and profiting from Google Play, from publishing, operating and profiting from YouTube Kids and from publishing, operating and profiting from other products and services which target the children's content market. The full scope of requested relief is set forth in the Complaint.

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).

Dated: 02/23/2018 _____

s/ Geoffrey S. Brounell
_____
SIGNATURE

Geoffrey S. Brounell
_____
PRINT OR TYPE NAME

FILED: NEW YORK COUNTY CLERK 03/09/2018 02:49 PM
NYSCEF DOC. NO. 4

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/09/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------- X

SM KIDS, LLC, as successor-in-interest to          :
STELOR PRODUCTIONS, LLC,

Plaintiffs,          INDEX No. 650870-2018

:

vs.          IAS Part 48 (MASLEY, J.S.C.)

:

GOOGLE LLC, ALPHABET INC., XXVI          **STIPULATION**
HOLDINGS INC., and JOHN AND/OR JANE          :
DOES 1-100, inclusive,

Defendants.          :

---------------------------------------- X

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the

respective parties hereto, that defendants' time to respond to the complaint in this matter is

hereby extended until April 6, 2018.

Dated: New York, New York
       March 9, 2018

DAVIS WRIGHT TREMAINE LLP          COOLEY LLP

By: _____          By: _____
Geoffrey Brounell                      Ian Shapiro

1251 Avenue of the Americas, 21st Floor   1114 Avenue of the Americas
New York, NY 10020                     New York, NY 10036
Tel: (212) 603-6404                    Tel: (212) 479-6000
Fax: (212) 379-5243                    Fax: (212) 479-6275

*Attorneys for Plaintiff*              *Attorneys for Defendants Google LLC,*
                                       *Alphabet Inc., XXVI Holdings Inc.*



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------X
SM KIDS, LLC, a Delaware limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

           Plaintiff,

                                     Index No. 650870/2018
                                     Filed 2/23/18
    -against-                         AFFIDAVIT OF SERVICE

GOOGLE LLC, et al.,

           Defendant,
------------------------------------------------X
STATE OF NEW YORK  )
                     S.S.:
COUNTY OF ALBANY  )

         DEBORAH LaPOINTE, being duly sworn, deposes and says that she is over the age of

eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this action.

         That on the 26TH day of February, 2018, at approximately the time of 12:00P.M., deponent

served the SUMMONS AND COMPLAINT AND REQUEST FOR JUDICIAL INTERVENTION AND

RJI ADDENDUM AND NOTICE OF ELECTRONIC FILING upon GOOGLE, LLC, c/o Corporation

Service Company, 80 State Street, Albany, New York, in this action, by delivering to and leaving with

MAUREEN COGAN-Service of Process Representative, a authorized person who is designated to accept

service at this address.

         MAUREEN COGAN is a white female, approximately 54 years of age, stands

approximately 5 feet 7 inches tall, weighs approximately 180 pounds with gray hair and wears glasses.

_____
DEBORAH LaPOINTE

Sworn to before me this
26TH day of February, 2018

_____
NOTARY PUBLIC

FRANK J. PANUCCI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PA4721156
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES JULY 31, 20__

D.L.S., Inc.
100 State Street
Ste. 220
Albany, NY 12207
518-449-8411
www.dlsnational.com

1 of 3



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
SM KIDS, LLC, a Delaware Limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

      Plaintiffs,                            Index No. 650870/2018

      -against-                            AFFIDAVIT OF SERVICE

GOOGLE LLC, a Delaware limited liability
company, et al.,

      Defendants.
-------------------------------------------------------------------X
STATE OF DELAWARE    )
           S.S.:
COUNTY OF NEW CASTLE  )

      DANIEL NEWCOMB, being duly sworn, deposes and says that he is over the age of

eighteen years, is an agent of the attorney service, D.L.S., INC., and is not a party to this action.

      That on the 26th day of February, 2018, at approximately 4:22 pm, deponent served a true

copy of the **NOTICE OF ELECTRONIC FILING, SUMMONS, COMPLAINT, REQUEST FOR**

**JUDICIAL INTERVENTION,** and **COMMERCIAL DIVISION REQUEST FOR JUDICIAL**

**INTERVENTION ADDENDUM** upon ALPHABET INC. c/o Corporation Service Company at 251

Little Falls Drive, Wilmington, DE 19808, by personally delivering and leaving the same with

**LYNANNE GARES,** who informed deponent that she is a Litigation Management Services Leader and

is authorized to receive service at that address.

      LYNANNE GARES is a white female, approximately 35 years of age, stands

approximately 5 feet 6 inches tall, and weighs approximately 135 pounds with brown hair.


DANIEL NEWCOMB

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

Sworn to before me this
_____ day of March, 2018


NOTARY PUBLIC

KIMBERLY J. RYAN
COMMISSION
EXPIRES
APRIL 29, 2020
NOTARY PUBLIC
STATE OF DELAWARE

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/12/2018

**FILED: NEW YORK COUNTY CLERK 03/12/2018 03:50 PM**

NYSCEF DOC. NO. 5



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
SM KIDS, LLC, a Delaware Limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

          Plaintiffs,                      Index No. 650870/2018

   -against-                          AFFIDAVIT OF SERVICE

GOOGLE LLC, a Delaware limited liability
company, et al.,

          Defendants.
--------------------------------------------------------------------X
STATE OF DELAWARE    )
                S.S.:
COUNTY OF NEW CASTLE  )

      DANIEL NEWCOMB, being duly sworn, deposes and says that he is over the age of

eighteen years, is an agent of the attorney service, D.L.S., INC., and is not a party to this action.

      That on the 26th day of February, 2018, at approximately 4:22 pm, deponent served a true

copy of the **NOTICE OF ELECTRONIC FILING, SUMMONS, COMPLAINT, REQUEST FOR**

**JUDICIAL INTERVENTION, and COMMERCIAL DIVISION REQUEST FOR JUDICIAL**

**INTERVENTION ADDENDUM** upon XXVI HOLDINGS INC. c/o Corporation Service Company

at 251 Little Falls Drive, Wilmington, DE 19808, by personally delivering and leaving the same with

**LYNANNE GARES**, who informed deponent that she is a Litigation Management Services Leader and

is authorized to receive service at that address.

      LYNANNE GARES is a white female, approximately 35 years of age, stands

approximately 5 feet 6 inches tall, and weighs approximately 135 pounds with brown hair.

DANIEL NEWCOMB

Sworn to before me this
_2_ day of March, 2018

NOTARY PUBLIC

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

KIMBERLY J. RYAN
COMMISSION
EXPIRES
APRIL 29, 2020
NOTARY PUBLIC
STATE OF DELAWARE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------- X

SM KIDS, LLC, as successor-in-interest to
STELOR PRODUCTIONS, LLC,

               Plaintiffs,

        vs.

GOOGLE LLC, ALPHABET INC., XXVI
HOLDINGS INC., and JOHN AND/OR JANE
DOES 1-100, inclusive,

               Defendants.

--------------------------------------- X

INDEX No. 650870-2018

IAS Part 48 (MASLEY, J.S.C.)

**ORDER TO SHOW CAUSE FOR
ADMISSION *PRO HAC VICE***

     Upon the Affirmation of Nicholas Flath, Esq. dated March 14, 2018, the Affidavit of

Brendan Hughes, Esq. dated March 14, 2018, and the exhibits attached thereto, submitted on

behalf of Defendants Google LLC, Alphabet Inc., and XXVI Holdings Inc.,

     Let the Plaintiff show cause before this Court at IAS Part 48 in Room 242, at 60 Centre

Street, New York, New York on the ____ day of _____ 2018 at ____ in the ___.m, or as

soon as thereafter as counsel can be heard, why an order should not be entered pursuant to

Section 520.11 of the Rules of the Court of Appeals and Section 602.2 of the Rules of the

Appellate Division, First Department, admitting Brendan Hughes, Esq. *pro hac vice* to appear in

this matter on behalf of Defendants Google LLC, Alphabet Inc., and XXVI Holdings Inc.

     Sufficient reason appearing therefor, let service of a copy of this order, together with a

copy of the papers upon which it was granted, upon Plaintiff's attorney by email on or before the

____ day of ____, 2018 be deemed good and sufficient service and notice.

                                       ENTER:

                                    _____

                                       J.S.C.

FILED: NEW YORK COUNTY CLERK 03/14/2018 04:31 PM
NYSCEF DOC. NO. 7

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/14/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------- X

SM KIDS, LLC, as successor-in-interest to    :
STELOR PRODUCTIONS, LLC,

                        :

           Plaintiffs,

                        :

vs.

                        :

GOOGLE LLC, ALPHABET INC., XXVI
HOLDINGS INC., and JOHN AND/OR JANE    :
DOES 1-100, inclusive,

           Defendants.

                        :

----------------------------------------- X

INDEX No. 650870-2018

IAS Part 48 (MASLEY, J.S.C.)

**AFFIRMATION OF NICHOLAS FLATH
IN SUPPORT OF APPLICATION FOR
ADMISSION *PRO HAC VICE* OF
BRENDAN HUGHES**

Nicholas Flath, Esq., affirms under penalty of perjury:

1.     I am an associate in the New York office of Cooley LLP, counsel for Defendants
Google LLC, Alphabet Inc., and XXVI Holdings Inc.

2.     I have been a member in good standing of the New York Bar since 2012.

3.     Pursuant to Section 520.11 of the Rules of the Court of Appeals and Section 602.2
of the Rules of the Appellate Division, First Department, I submit this affirmation in support of
Brendan Hughes, Esq.'s application for admission *pro hac vice* to appear in this matter on behalf
of Defendants Google LLC, Alphabet Inc., and XXVI Holdings Inc.

4.     As set forth in his affidavit, Mr. Hughes is a partner at Cooley LLP. He is licensed
to practice law before the courts of the State of Maryland and the District of Columbia.  Mr.
Hughes is also admitted to practice before the United States District Courts for the District of
Maryland, the District of Columbia, and the Eastern District of Michigan. Mr. Hughes is a
member in good standing in all of the jurisdictions in which he is admitted to practice. He has
never been disciplined by any court, and no disciplinary proceedings are pending against him.

FILED: NEW YORK COUNTY CLERK 03/14/2018 04:31 PM
NYSCEF DOC. NO. 7

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/14/2018

Annexed to his affidavit are certificates of good standing of the Bar of the State of Maryland and

the Bar of the District of Columbia.

5.     If this motion is granted, Mr. Hughes will appear in this matter alongside me and

Ian Shapiro, Esq., counsel of record for Defendants Google LLC, Alphabet Inc., and XXVI

Holdings Inc.

6.     No previous application for the relief sought herein has been made to this Court or

any other court.

Dated: New York, New York
       March 14, 2018

                                          /s/Nicholas Flath
                                          Nicholas Flath

FILED: NEW YORK COUNTY CLERK 03/14/2018 04:31 PM
NYSCEF DOC. NO. 8

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/14/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------- X

SM KIDS, LLC, as successor-in-interest to      :
STELOR PRODUCTIONS, LLC,
                                               :    INDEX No. 650870-2018
            Plaintiffs,
                                               :    IAS Part 48 (MASLEY, J.S.C.)
    vs.
                                               :    **AFFIDAVIT OF BRENDAN HUGHES IN**
GOOGLE LLC, ALPHABET INC., XXVI                :    **SUPPORT OF APPLICATION FOR**
HOLDINGS INC., and JOHN AND/OR JANE            :    **ADMISSION *PRO HAC VICE***
DOES 1-100, inclusive,
                                               :
            Defendants.
                                               :

------------------------------------------- X

DISTRICT OF COLUMBIA  )
                                ss.:
WASHINGTON, DC        )

        Brendan Hughes, Esq., being duly sworn, hereby states under penalty of perjury:

        1.      I submit this affidavit in support of my application to be admitted *pro hac vice* to

appear in this matter on behalf of Defendants Google LLC, Alphabet Inc., and XXVI Holdings

Inc.

        2.      I am a partner in the law firm of Cooley LLP, 1299 Pennsylvania Ave., NW, Suite

700, Washington, DC 20004. My business telephone number is (202) 842-7826, my business

facsimile number is (202) 842-7899, and my email address is bhughes@cooley.com.

        3.      I have been a member in good standing of the Bar of the State of Maryland since

2004 and of the Bar of the District of Columbia since 2006. I am also admitted to practice before

the United States District Courts for the District of Maryland, the District of Columbia, and the

Eastern District of Michigan.

        4.      I have never been disciplined, suspended, or disbarred by any court, nor have I

been denied permission to appear *pro hac vice* in any court. I am not presently subject to any

FILED: NEW YORK COUNTY CLERK 03/14/2018 04:31 PM
NYSCEF DOC. NO. 8

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/14/2018

disciplinary proceedings. Attached hereto are true and correct copies of certificates of good standing of the Bar of the State of Maryland (Exhibit A) and the Bar of the District of Columbia (Exhibit B).

5.    I have never previously applied for admission *pro hac vice* in the New York Supreme Court. I have never been sanctioned for a violation of New York statutes, rules or standards of professional conduct in any case.

6.    I am familiar with and agree to comply with the standards of professional conduct imposed upon members of the Bar of the State of New York, including the Rules of the Courts and the Rules of Professional Responsibility.

7.    I agree to be subject to the jurisdiction of the courts of New York with respect to any acts occurring during the course of my participation in the above-captioned matter.

Dated: March 14, 2018
Washington, DC

Brendan Hughes

Sworn to before me
this 14th day of March, 2018

Notary Public

SHARON S. CARLOS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires October 31, 2019



-2-

FILED: NEW YORK COUNTY CLERK 03/14/2018 04:31 PM
NYSCEF DOC. NO. 8

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/14/2018

# EXHIBIT A



# Certificate of Good Standing

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

I, Felicia C. Cannon, Clerk of the United States District Court for the District of Maryland, certify that Brendan Joseph Hughes, Bar No. 17042, was duly admitted to practice in this Court on 5/7/2007, and is in good standing as a member of the Bar of this Court.

Clerk of Court

Date: 3/9/2018

Sierra Dennison
Deputy Clerk

*This Certificate is valid for 90 days from the date issued.*

FILED: NEW YORK COUNTY CLERK 03/14/2018 04:31 PM
NYSCEF DOC. NO. 8

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/14/2018

# EXHIBIT B



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,
the District of Columbia Bar does hereby certify that

*Brendan J. Hughes*

was duly qualified and admitted on **April 3, 2006** as an attorney and counselor entitled to
practice before this Court; and is, on the date indicated below, an **Active** member in good
standing of this Bar.

In Testimony Whereof,
I have hereunto subscribed my
name and affixed the seal of this
Court at the City of Washington,
D.C., on March 9, 2018.

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

*Emily E. Favis*

Issued By:
District of Columbia Bar Membership

For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email
memberservices@dcbar.org.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------- X

SM KIDS, LLC, as successor-in-interest to        :
STELOR PRODUCTIONS, LLC,
                                                  :
                Plaintiffs,                       :        INDEX No. 650870-2018

        vs.                                       :        IAS Part 48 (MASLEY, J.S.C.)

                                                  :        **ORDER OF ADMISSION _PRO HAC VICE_**
GOOGLE LLC, ALPHABET INC., XXVI                   :
HOLDINGS INC., and JOHN AND/OR JANE               :
DOES 1-100, inclusive,
                                                  :
                Defendants.
                                                  :

---------------------------------------- X

   Brendan Hughes, Esq. having applied to this Court for admission _pro hac vice_ to

represent Defendants Google LLC, Alphabet Inc., and XXVI Holdings Inc. (collectively the

"Defendants"), in this action, and said applicant having submitted in support thereof an affidavit

of Nicholas A. Flath, Esq., a member of the Bar of the State of New York and attorney of record

herein for Defendants, an affidavit of the applicant, Brendan Hughes, Esq. dated March 14, 2018,

and Certificates of Good Standing from the jurisdictions in which the applicant was admitted to

the practice of law, and the Court having reviewed the foregoing submissions and due

deliberation having been had, it is now therefore

   ORDERED, that the motion is granted on consent and Brendan Hughes, Esq. is permitted

to appear and to participate in this action on behalf of Defendants; and it is further

   ORDERED that he shall at all times be associated herein with counsel who is a member

in good standing of the Bar of the State of New York and is attorney of record for the party in

question and all pleadings, briefs and other papers filed with the Court shall be signed by the

attorney of record, who shall be held responsible for such papers and for the conduct of this action; and it is further

ORDERED that, pursuant to Section 520.11 of the Rules of the Court of Appeals and Section 602.2 of the Rules of the Appellate Division, First Department, the attorney hereby admitted *pro hac vice* shall abide by the standards of professional conduct imposed upon members of the New York Bar, including the Rules of the Courts governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility; and it is further

ORDERED that he shall be subject to the jurisdiction of the Courts of the State of New York with respect to any acts occurring during the course of his participation in this matter; and it is further

ORDERED that said counsel shall notify the Court immediately of any matter or event in this or any other jurisdiction which affects his standing as a member of the Bar.

ENTER:

_____
J.S.C.

At Commercial Part 48 of the
Supreme Court of the State of New
York, held in and for the County of
New York, at the Courthouse
thereof, 60 Centre Street, New York,
New York on the __ day of
_____, 2018.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------x

SM KIDS, LLC, a Delaware limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

                            Plaintiff,

            - against -

GOOGLE LLC, a Delaware limited liability
company; ALPHABET INC., a Delaware
corporation; XXVI HOLDINGS INC., a
Delaware corporation; and JOHN AND/OR
JANE DOES 1-100, Inclusive,

                    Defendants.

---------------------------------------------------------x

Index No. 650870/2018

Justice Andrea Masley
Part 48

**ORDER TO SHOW CAUSE
ADMITTING BRUCE ISAACS
*PRO HAC VICE***

      Upon the accompanying affidavit of Geoffrey S. Brounell, dated March 15, 2018, and all

papers annexed thereto, let cause be shown before this Court on the _____ day of

March 2018, at _____ o'clock on that day, or as soon thereafter as counsel can be heard, at

Room 242 of this Court at 60 Centre Street, New York, New York, 10007, why an order should

not be made and entered granting the application of Bruce Isaacs for admission pro hac vice to

represent Plaintiff SM Kids, LLC in this action, as well as for any other and further relief as the

Court may deem just and equitable.

1

It is further ordered that service by of a copy of this Order to Show Cause and all accompanying papers by e-mail [as well as _____] on or before _____, 2018 upon counsel for Defendants shall be deemed good and sufficient.

**SO ORDERED:**

Dated: _____, 2018

_____
Justice Andrea Masley

4852-6919-2287v.1 0105380-000001

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/15/2018

FILED: NEW YORK COUNTY CLERK 03/15/2018 03:35 PM

NYSCEF DOC. NO. 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------- x

SM KIDS, LLC, a Delaware limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

        Plaintiff,

    - against -

GOOGLE LLC, a Delaware limited liability
company; ALPHABET INC., a Delaware
corporation; XXVI HOLDINGS INC., a
Delaware corporation; and JOHN AND/OR
JANE DOES 1-100, Inclusive,

        Defendants.

---------------------------------------------------- x

Index No. 650870/2018

Justice Andrea Masley
Part 48

**AFFIDAVIT OF GEOFFREY S.
BROUNELL IN SUPPORT OF
ORDER TO SHOW CAUSE TO
ADMIT BRUCE ISAACS *PRO HAC
VICE***

**GEOFFREY S. BROUNELL**, an attorney duly admitted to practice law in the courts of

the State of New York, affirms as follows under the penalty of perjury pursuant to CPLR 2106:

  1.  I am an Associate at the law firm of Davis Wright Tremaine, and counsel to above-

named Plaintiff. I submit this affirmation in support of an order to show cause to admit Bruce

Isaacs *pro hac vice* in this action pursuant to Section 520.11(a)(1) of the Rules of the Court of

Appeals and Section 602.2(a) of the Rules of the Appellate Division, First Department.

  2.  I am currently an attorney in good standing having been admitted to practice by the

Appellate Division of the Supreme Court of the State of New York, Third Department, since 2009.

  3.  Bruce Isaacs is a Partner of Davis Wright Tremaine LLP. He respectfully requests

that he be admitted *pro hac vice* for the purpose of representing the above-named Plaintiff in this

matter. He is currently an attorney in good standing before the Bar of the State of California.

Bruce Isaacs has not been admitted *pro hac vice* before the Supreme Court of the State of New

York in other unrelated matters.

1

4827-5467-7851v.1 0105380-000001

FILED: NEW YORK COUNTY CLERK 03/15/2018 03:35 PM
NYSCEF DOC. NO. 11

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/15/2018

4.     I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

WHEREFORE, the undersigned counsel respectfully requests that the Court admit Bruce Isaacs *pro hac vice* in connection with the above-captioned matter pursuant to Section 520.11(a)(1) of the Rules of the Court of Appeals and Section 602.2(a) of the Rules of the Appellate Division, First Department.

Dated: New York, New York
       March 15, 2018

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____
    Geoffrey S. Brounell

1251 Avenue of the Americas, 21st floor
New York, New York 10020
Tel:  (212) 489-8230
Fax:  (212) 489-8340
geoffreybrounell@dwt.com

*Attorneys for Plaintiff*

Subscribed and sworn to before me
This 15th day of March 2018

_____
Notary Public

SHIRLEY WONG
Notary Public, State of New York
No. 01WO6088427
Qualified in Queens County
Commission Expires March 31, 20__

4827-5467-7851v.1 0105380-000001

FILED: NEW YORK COUNTY CLERK 03/15/2018 03:35 PM
NYSCEF DOC. NO. 12

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/15/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x

SM KIDS, LLC, a Delaware limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

                              Plaintiff,

              - against -

GOOGLE LLC, a Delaware limited liability
company; ALPHABET INC., a Delaware
corporation; XXVI HOLDINGS INC., a
Delaware corporation; and JOHN AND/OR
JANE DOES 1-100, Inclusive,

                              Defendants.

---------------------------------------------------------------x

Index No. 650870/2018

Justice Andrea Masley
Part 48

**AFFIDAVIT OF BRUCE ISAACS
IN SUPPORT OF ORDER TO
SHOW CAUSE FOR ADMISSION
*PRO HAC VICE***

**BRUCE ISAACS**, being duly sworn, hereby states as follows:

1.    I am a Partner of Davis Wright Tremaine LLP.  I submit this affidavit in support of an order to show cause to be admitted *pro hac vice* in this action pursuant to Section 520.11(a)(1) of the Rules of the Court of Appeals and Section 602.2(a) of the Rules of the Appellate Division, First Department.

2.    I have been a member in good standing of the Bar of the State of California since 1981.

3.    There are no disciplinary proceedings pending against me as a member of the Bar of any jurisdiction.  Nor have I ever been disbarred, suspended, denied admission to practice or subject to a disciplinary proceeding in any jurisdiction.  Attached hereto as **Exhibit 1** is a current copy of a Certificate of Good Standing from the Supreme Court of California.

4.    I have not previously sought admission *pro hac vice* in the Supreme Court of the State of New York.

1

FILED: NEW YORK COUNTY CLERK 03/15/2018 03:35 PM

NYSCEF DOC. NO. 12

INDEX NO. 650870/2018

RECEIVED NYSCEF: 03/15/2018

5.    Based on the foregoing, I respectfully request that the Court admit me *pro hac vice*

to participate as counsel for the above-named Plaintiff in this matter.

BRUCE ISAACS

Subscribed and sworn to before me
this _14_th day of March 2018

Notary Public

MARLA G. FOREMAN
Notary Public - California
Los Angeles County
Commission # 2158564
My Comm. Expires Jul 26, 2020

2

4828-5219-5419v.1 0105380-000001

FILED: NEW YORK COUNTY CLERK 03/15/2018 03:35 PM

NYSCEF DOC. NO. 12

INDEX NO. 650870/2018

RECEIVED NYSCEF: 03/15/2018

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me

on this _18_ day of _March_, 20_18_,
      Date      Month      Year

by
(1) _Bruce Isaacs_

(and (2)_____),
         Name(s) of Signer(s)

MARLA G. FOREMAN
Notary Public - California
Los Angeles County
Commission # 2158564
My Comm. Expires Jul 26, 2020

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
        Signature of Notary Public

Seal
Place Notary Seal Above

FILED: NEW YORK COUNTY CLERK 03/15/2018 03:35 PM
NYSCEF DOC. NO. 12

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/15/2018

# Exhibit 1

FILED: NEW YORK COUNTY CLERK 03/15/2018 03:35 PM

NYSCEF DOC. NO. 12

INDEX NO. 650870/2018

RECEIVED NYSCEF: 03/15/2018



# THE STATE BAR
# OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1617          TELEPHONE: 888-800-3400

## CERTIFICATE OF STANDING

January 23, 2018

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, BRUCE ALAN
ISAACS, #100926 was admitted to the practice of law in this state by the
Supreme Court of California on December 1, 1981; and has been since that
date, and is at date hereof, an ACTIVE member of the State Bar of
California; and that no recommendation for discipline for professional or
other misconduct has ever been made by the Board of Trustees or a
Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Dina DiLoreto
Custodian of Membership Records

At Commercial Part 48 of the
Supreme Court of the State of New
York, held in and for the County of
New York, at the Courthouse
thereof, 60 Centre Street, New York,
New York on the __ day of
_____, 2018.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------- x

SM KIDS, LLC, a Delaware limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

                             Plaintiff,

           - against -

GOOGLE LLC, a Delaware limited liability
company; ALPHABET INC., a Delaware
corporation; XXVI HOLDINGS INC., a
Delaware corporation; and JOHN AND/OR
JANE DOES 1-100, Inclusive,

                           Defendants.

------------------------------------------------- x

Index No. 650870/2018

Justice Andrea Masley
Part 48

**[PROPOSED] ORDER
ADMITTING BRUCE ISAACS
*PRO HAC VICE***

      Bruce Isaacs, Esq., having applied to this Court for admission pro hac vice to represent

Plaintiff SM Kids, LLC in this action, and applicant having submitted an affidavit of Geoffrey S.

Brounell, Esq., a member of the Bar of the State of New York and attorney of record herein for

SM Kids, LLC, an affidavit of the applicant dated March 14, 2018, and a Certificate in Good

Standing from the jurisdiction in which the applicant was admitted to the practice of law, and the

Court having reviewed the foregoing submissions and due deliberation having been had, it is now

therefore

      ORDERED that the motion is granted and Bruce Isaacs, Esq. is permitted to appear and to

participate in this action on behalf of SM Kids, LLC; and it is further

      ORDERED that he shall at all times be associated herein with counsel who is a member in

good standing of the Bar of the State of New York and is attorney of record for the party in

4822-7954-1851v.1 0105380-000001

question and all pleadings, briefs and other papers filed with the Court shall be **signed and filed** by the attorney of record, who shall be held responsible for such papers and for the conduct of this action; and it is further

ORDERED that, pursuant to Section 520.11 of the Rules of the Court of Appeals and Section 602.2 of the Rules of the Appellate Division, First Department, the attorney hereby admitted pro hac vice shall abide by the standards of professional conduct imposed upon members of the New York Bar, including the Rules of the Courts governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility; and it is further

ORDERED that he/she shall be subject to the jurisdiction of the Courts of the State of New York with respect to any acts occurring during the course of his participation in this matter; and it is further

ORDERED that counsel shall notify the Court immediately of any matter or event in this or any other jurisdiction which affects his/her standing as a member of the Bar.

SO ORDERED:

Dated: _____, 2018

_____
Justice Andrea Masley

2

At Commercial Part 48 of the
Supreme Court of the State of New
York, held in and for the County of
New York, at the Courthouse
thereof, 60 Centre Street, New York,
New York on the __ day of
_____, 2018.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------- x

SM KIDS, LLC, a Delaware limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

                     Plaintiff,

          - against -

GOOGLE LLC, a Delaware limited liability
company; ALPHABET INC., a Delaware
corporation; XXVI HOLDINGS INC., a
Delaware corporation; and JOHN AND/OR
JANE DOES 1-100, Inclusive,

                 Defendants.

------------------------------------------------- x

Index No. 650870/2018

Justice Andrea Masley
Part 48

**ORDER TO SHOW CAUSE
ADMITTING ROBERT A.
WYMAN *PRO HAC VICE***

      Upon the accompanying affidavit of Geoffrey S. Brounell, dated March 15, 2018, and all

papers annexed thereto, let cause be shown before this Court on the _____ day of

March 2018, at _____ o'clock on that day, or as soon thereafter as counsel can be heard, at

Room 242 of this Court at 60 Centre Street, New York, New York, 10007, why an order should

not be made and entered granting the application of Robert A. Wyman for admission pro hac vice

to represent Plaintiff SM Kids, LLC in this action, as well as for any other and further relief as the

Court may deem just and equitable.

1

It is further ordered that service by of a copy of this Order to Show Cause and all accompanying papers by e-mail [as well as _____] on or before _____, 2018 upon counsel for Defendants shall be deemed good and sufficient.

**SO ORDERED:**

Dated: _____, 2018

_____
Justice Andrea Masley

FILED: NEW YORK COUNTY CLERK 03/15/2018 04:00 PM
NYSCEF DOC. NO. 15

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/15/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------- x

SM KIDS, LLC, a Delaware limited liability  :  Index No. 650870/2018
company, as successor-in-interest to STELOR  :
PRODUCTIONS, LLC,  :  Justice Andrea Masley
 :  Part 48
          Plaintiff,  :
 :  **AFFIDAVIT OF GEOFFREY S.**
     - against -  :  **BROUNELL IN SUPPORT OF**
 :  **ORDER TO SHOW CAUSE TO**
GOOGLE LLC, a Delaware limited liability  :  **ADMIT ROBERT A. WYMAN *PRO***
company; ALPHABET INC., a Delaware  :  ***HAC VICE***
corporation; XXVI HOLDINGS INC., a  :
Delaware corporation; and JOHN AND/OR  :
JANE DOES 1-100, Inclusive,  :
 :
             Defendants.  :

---------------------------------------------------------- x

     **GEOFFREY S. BROUNELL**, an attorney duly admitted to practice law in the courts of

the State of New York, affirms as follows under the penalty of perjury pursuant to CPLR 2106:

     1.    I am an Associate at the law firm of Davis Wright Tremaine, and counsel to above-

named Plaintiff. I submit this affirmation in support of an order to show cause to admit Robert A.

Wyman *pro hac vice* in this action pursuant to Section 520.11(a)(1) of the Rules of the Court of

Appeals and Section 602.2(a) of the Rules of the Appellate Division, First Department.

     2.    I am currently an attorney in good standing having been admitted to practice by the

Appellate Division of the Supreme Court of the State of New York, Third Department, since 2009.

     3.    Robert A. Wyman is a Partner of Davis Wright Tremaine LLP. He respectfully

requests that he be admitted *pro hac vice* for the purpose of representing the above-named Plaintiff

in this matter. He is currently an attorney in good standing before the Bar of the State of

California. Robert A. Wyman has not been admitted *pro hac vice* before the Supreme Court of the

State of New York in other unrelated matters.

1

FILED: NEW YORK COUNTY CLERK 03/15/2018 04:00 PM

NYSCEF DOC. NO. 15

INDEX NO. 650870/2018

RECEIVED NYSCEF: 03/15/2018

4.      I declare under penalty of perjury that the foregoing statements are true and correct

to the best of my knowledge, information, and belief.

WHEREFORE, the undersigned counsel respectfully requests that the Court admit Robert

A. Wyman *pro hac vice* in connection with the above-captioned matter pursuant to Section

520.11(a)(1) of the Rules of the Court of Appeals and Section 602.2(a) of the Rules of the

Appellate Division, First Department.

Dated: New York, New York
       March 15, 2018

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____

Geoffrey S. Brounell

1251 Avenue of the Americas, 21st floor
New York, New York 10020
Tel:  (212) 489-8230
Fax:  (212) 489-8340
geoffreybrounell@dwt.com

*Attorneys for Plaintiff*

Subscribed and sworn to before me
this 15th day of March 2018

_____
Notary Public

SHIRLEY WONG
Notary Public, State of New York
No. 01WO6088427
Qualified in Queens County
Commission Expires March 31, 20__

4817-7045-8203v.1 0105380-000001

FILED: NEW YORK COUNTY CLERK 03/15/2018 04:00 PM

NYSCEF DOC. NO. 16

INDEX NO. 650870/2018

RECEIVED NYSCEF: 03/15/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------- x

SM KIDS, LLC, a Delaware limited liability
company, as successor-in-interest to STELOR
PRODUCTIONS, LLC,

                 Plaintiff,

         - against -

GOOGLE LLC, a Delaware limited liability
company; ALPHABET INC., a Delaware
corporation; XXVI HOLDINGS INC., a
Delaware corporation; and JOHN AND/OR
JANE DOES 1-100, Inclusive,

                Defendants.

------------------------------------------------------- x

Index No. 650870/2018

Justice Andrea Masley
Part 48

**AFFIDAVIT OF ROBERT A.
WYMAN IN SUPPORT OF ORDER
TO SHOW CAUSE FOR
ADMISSION *PRO HAC VICE***

**ROBERT A. WYMAN**, being duly sworn, hereby states as follows:

1.      I am a Partner of Davis Wright Tremaine LLP.  I submit this affidavit in support of an order to show cause to be admitted *pro hac vice* in this action pursuant to Section 520.11(a)(1) of the Rules of the Court of Appeals and Section 602.2(a) of the Rules of the Appellate Division, First Department.

2.      I have been a member in good standing of the Bar of the State of California since 1984.

3.      There are no disciplinary proceedings pending against me as a member of the Bar of any jurisdiction.  Nor have I ever been disbarred, suspended, denied admission to practice or subject to a disciplinary proceeding in any jurisdiction.  Attached hereto as **Exhibit 1** is a current copy of a Certificate of Good Standing from the Supreme Court of California.

4.      I have not previously sought admission *pro hac vice* in the Supreme Court of the State of New York.

4846-5528-7387v.1 0105380-000001

FILED: NEW YORK COUNTY CLERK 03/15/2018 04:00 PM

NYSCEF DOC. NO. 16

INDEX NO. 650870/2018

RECEIVED NYSCEF: 03/15/2018

5.    Based on the foregoing, I respectfully request that the Court admit me *pro hac vice*

to participate as counsel for the above-named Plaintiff in this matter.

_____
ROBERT A. WYMAN

Subscribed and sworn to before me
this /5 th day of March 2018

_____
Notary Public

MARLA G. FOREMAN
Notary Public - California
Los Angeles County
Commission # 2158564
My Comm. Expires Jul 26, 2020

2

4846-5528-7387v.1 0105380-000001

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/15/2018

FILED: NEW YORK COUNTY CLERK 03/15/2018 04:00 PM
NYSCEF DOC. NO. 16

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me

on this _15_ day of _March_, 20_18_,
　　　　　Date　　　　Month　　　　　Year

by
(1) _Robert A. Wymen_

(and 2) _N/A_　　　　　　　　　　　　),
　　　　　　Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _Marla Foreman_
　　　　　　Signature of Notary Public

MARLA G. FOREMAN
Notary Public - California
Los Angeles County
Commission # 2158564
My Comm. Expires Jul 26, 2020

Seal
Place Notary Seal Above

FILED: NEW YORK COUNTY CLERK 03/15/2018 04:00 PM

NYSCEF DOC. NO. 16

INDEX NO. 650870/2018

RECEIVED NYSCEF: 03/15/2018

# Exhibit 1

FILED: NEW YORK COUNTY CLERK 03/15/2018 04:00 PM
NYSCEF DOC. NO. 16

INDEX NO. 650870/2018
RECEIVED NYSCEF: 03/15/2018

## THE STATE BAR
## OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1617

TELEPHONE: 888-800-3400

# CERTIFICATE OF STANDING

January 23, 2018

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, ROBERT ALAN WYMAN, #116975 was admitted to the practice of law in this state by the Supreme Court of California on December 3, 1984; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Dina DiLoreto
Custodian of Membership Records

At Commercial Part 48 of the
Supreme Court of the State of New
York, held in and for the County of
New York, at the Courthouse
thereof, 60 Centre Street, New York,
New York on the ___ day of
_____, 2018.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------- x

SM KIDS, LLC, a Delaware limited liability     :     Index No. 650870/2018
company, as successor-in-interest to STELOR    :
PRODUCTIONS, LLC,                              :     Justice Andrea Masley
                                               :     Part 48
                     Plaintiff,                :
                                               :     [PROPOSED] ORDER
          - against -                          :     ADMITTING ROBERT A.
                                               :     WYMAN *PRO HAC VICE*
GOOGLE LLC, a Delaware limited liability       :
company; ALPHABET INC., a Delaware             :
corporation; XXVI HOLDINGS INC., a             :
Delaware corporation; and JOHN AND/OR          :
JANE DOES 1-100, Inclusive,                    :
                                               :
                     Defendants.               x

-------------------------------------------------- x

Robert A. Wyman, Esq., having applied to this Court for admission pro hac vice to

represent Plaintiff SM Kids, LLC in this action, and applicant having submitted an affidavit of

Geoffrey S. Brounell, Esq., a member of the Bar of the State of New York and attorney of record

herein for SM Kids, LLC, an affidavit of the applicant dated March 15, 2018, and a Certificate in

Good Standing from the jurisdiction in which the applicant was admitted to the practice of law,

and the Court having reviewed the foregoing submissions and due deliberation having been had, it

is now therefore

ORDERED that the motion is granted and Robert A. Wyman, Esq. is permitted to appear

and to participate in this action on behalf of SM Kids, LLC; and it is further

ORDERED that he shall at all times be associated herein with counsel who is a member in

good standing of the Bar of the State of New York and is attorney of record for the party in

1

question and all pleadings, briefs and other papers filed with the Court shall be **signed and filed** by the attorney of record, who shall be held responsible for such papers and for the conduct of this action; and it is further

ORDERED that, pursuant to Section 520.11 of the Rules of the Court of Appeals and Section 602.2 of the Rules of the Appellate Division, First Department, the attorney hereby admitted pro hac vice shall abide by the standards of professional conduct imposed upon members of the New York Bar, including the Rules of the Courts governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility; and it is further

ORDERED that he/she shall be subject to the jurisdiction of the Courts of the State of New York with respect to any acts occurring during the course of his participation in this matter; and it is further

ORDERED that counsel shall notify the Court immediately of any matter or event in this or any other jurisdiction which affects his/her standing as a member of the Bar.


**SO ORDERED:**

Dated: _____, 2018


_____
Justice Andrea Masley

FILED: NEW YORK COUNTY CLERK 03/19/2018 12:45 PM   INDEX NO. 650870/2018

NYSCEF DOC. NO. 18                                    RECEIVED NYSCEF: 03/19/2018

At Commercial Part 48 of the
Supreme Court of the State of New
York, held in and for the County of
New York, at the Courthouse
thereof, 60 Centre Street, New York,
New York on the 9 day of
Meeuu , 2018.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------x

SM KIDS, LLC, a Delaware limited liability :    Index No. 650870/2018
company, as successor-in-interest to STELOR :
PRODUCTIONS, LLC,                      :    Justice Andrea Masley
                                     :    Part 48
                 Plaintiff,         :
                                       :    **ORDER TO SHOW CAUSE**
       - against -                :    **ADMITTING BRUCE ISAACS**
                                       :    ***PRO HAC VICE***
GOOGLE LLC, a Delaware limited liability : 
company; ALPHABET INC., a Delaware     :
corporation; XXVI HOLDINGS INC., a      :    **MOTION SEQUENCE # 002**
Delaware corporation; and JOHN AND/OR :
JANE DOES 1-100, Inclusive,           :
                   Defendants.    x

----------------------------------------------------------x

      Upon the accompanying affidavit of Geoffrey S. Brounell, dated March 15, 2018, and all

papers annexed thereto, let cause be shown before this Court on the ~~29th~~ day of ~~March~~ April 2,
2018

March 2018, at 10 9 M o'clock on that day, or as soon thereafter as counsel can be heard, at

Room 242 of this Court at 60 Centre Street, New York, New York, 10007, why an order should

not be made and entered granting the application of Bruce Isaacs for admission pro hac vice to

represent Plaintiff SM Kids, LLC in this action, as well as for any other and further relief as the

Court may deem just and equitable.

FILED: NEW YORK COUNTY CLERK 03/19/2018 12:45 P INDEX NO. 651870/2518

NYSCEF DOC. NO. 18                                    RECEIVED NYSCEF: 03/19/2018

It is further ordered that service by of a copy of this Order to Show Cause and all

accompanying papers by e-mail [as well as _____] on or before *March 20, 2018*

2018 upon counsel for Defendants shall be deemed good and sufficient.

SO ORDERED:

Dated: *March 19* , 2018

_____
Justice Andrea Masley
HON. ANDREA MASLEY

NO PREVIOUS APPLICATION HAS
BEEN MADE _____ *TMB* ____
REQUESTED HEREIN _____
                          (INITIAL)

ORDERED, that opposition papers, if any,
shall be served on the *Court and all parties*
on or before *March 30, 2018* .

*No oral argument unless requested by the Court*

ORAL ARGUMENT
DIRECTED

J.S.C.

4852-6919-2287v.1 0105380-000001

2

FILED: NEW YORK COUNTY CLERK 03/19/2018 12:50 PI
NYSCEF DOC. NO. 19                          RECEIVED NYSCEF: 03/19/2018

At Commercial Part 48 of the
Supreme Court of the State of New
York, held in and for the County of
New York, at the Courthouse
thereof, 60 Centre Street, New York,
New York on the 19 day of
_____, 2018.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------x

SM KIDS, LLC, a Delaware limited liability          :     Index No. 650870/2018
company, as successor-in-interest to STELOR         :
PRODUCTIONS, LLC,                                   :     Justice Andrea Masley
                                                    :     Part 48
                            Plaintiff,              :
                                                    :     **ORDER TO SHOW CAUSE**
            - against -                             :     **ADMITTING ROBERT A.**
                                                    :     **WYMAN** *PRO HAC VICE*
GOOGLE LLC, a Delaware limited liability            :
company; ALPHABET INC., a Delaware                  :
corporation; XXVI HOLDINGS INC., a                  :     **MOTION SEQUENCE #** 003
Delaware corporation; and JOHN AND/OR               :
JANE DOES 1-100, Inclusive,                         :
                                                    :
                            Defendants.             :
-------------------------------------------------------x

Upon the accompanying affidavit of Geoffrey S. Brounell, dated March 15, 2018, and all

papers annexed thereto, let cause be shown before this Court on the 2nd day of April

March 2018, at 10 am o'clock on that day, or as soon thereafter as counsel can be heard, at

Room 242 of this Court at 60 Centre Street, New York, New York, 10007, why an order should

not be made and entered granting the application of Robert A. Wyman for admission pro hac vice

to represent Plaintiff SM Kids, LLC in this action, as well as for any other and further relief as the

Court may deem just and equitable.

1

4818-8360-2527v.1 0105380-000001

FILED: NEW YORK COUNTY CLERK 03/19/2018 12:50 P

NYSCEF DOC. NO. 19                                    RECEIVED NYSCEF: 03/19/2018

It is further ordered that service by of a copy of this Order to Show Cause and all

accompanying papers by e-mail [as well as _____] on or before *March 20, 2018*

2018 upon counsel for Defendants shall be deemed good and sufficient.

**SO ORDERED:**

Dated: *March 19*, 2018

NO PREVIOUS APPLICATION HAS
BEEN MADE FOR THE RELIEF
REQUESTED HEREIN. *TMB*
                    **(INITIAL)**

Justice Andrea Masley

**HON. ANDREA MASLEY**

ORDERED, that opposition papers, if any,
shall be served on the *Court and all parties*
on or before *~~March 30, 2018~~*

*No oral argument unless opposition filed*

~~ORAL ARGUMENT DIRECTED~~

*J.S.C.*

4818-8360-2527v.1 0105380-000001

2

FILED: NEW YORK COUNTY CLERK 03/21/2018 12:01 PM INDEX NO. 650870/2018

NYSCEF DOC. NO. 20                                        RECEIVED NYSCEF: 03/21/2018

At I.A.S. Part _____ of the
Supreme Court of the State of New
York, held in and for the County of
New York, at the County Courthouse,
on the _____ day of
_____, 20___

Present:

Hon. _____
                              Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SM KIDS, LLC, as successor-in-interest to
STELOR PRODUCTIONS, LLC,

INDEX No. 650870-2018

       Plaintiffs,

IAS Part 48 (MASLEY, J.S.C.)

       vs.

GOOGLE LLC, ALPHABET INC., XXVI
HOLDINGS INC., and JOHN AND/OR JANE
DOES 1-100, inclusive,

**ORDER TO SHOW CAUSE FOR
ADMISSION *PRO HAC VICE***

       Defendants.

MOTION SEQUENCE # 001

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Upon the Affirmation of Nicholas Flath, Esq. dated March 14, 2018, the Affidavit of

Brendan Hughes, Esq. dated March 14, 2018, and the exhibits attached thereto, submitted on

behalf of Defendants Google LLC, Alphabet Inc., and XXVI Holdings Inc.,

Let the Plaintiff show cause before this Court at IAS Part 48 in Room 242, at 60 Centre

Street, New York, New York on the 2ND day of April 2018 at 10 in the AM .m, or as

soon as thereafter as counsel can be heard, why an order should not be entered pursuant to

Section 520.11 of the Rules of the Court of Appeals and Section 602.2 of the Rules of the

Appellate Division, First Department, admitting Brendan Hughes, Esq. *pro hac vice* to appear in

this matter on behalf of Defendants Google LLC, Alphabet Inc., and XXVI Holdings Inc.

Sufficient reason being alleged therefor, let service of a copy of this order, together with a

copy of the papers upon which it was granted, upon Plaintiff's attorney by email on or before the

30th day of March 2018 be deemed good and sufficient service and notice

ENTER:

No oral argument unless fully
Opposition by 3/30/18

HON. ANDREA MASLEY
J.S.C.