UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SM Kids, LLC, as successor-in-interest to
Stelor Productions, LLC,

          Plaintiff,

-against-

Google LLC et al.,

          Defendants.

1:18-cv-02637 (LGS) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

This Order addresses the discovery issues raised in Plaintiff's Letter Motion, dated November 27, 2020 (ECF No. 138) and Defendants' Letter Motion, dated November 27, 2020 (ECF No. 139). These motions are GRANTED IN PART and DENIED IN PART. It is hereby ORDERED, as follows:

1. Plaintiff's request to compel Defendants to produce all deposition transcripts from the *Silvers v. Google* litigation (*see* ECF No. 148 at 3) is denied, with a proviso. Per my Order dated October 24, 2020 (ECF No. 128), as to which Plaintiff filed no timely objections, Defendants need not produce any transcripts for depositions taken prior to January 1, 2008; provided, however, that transcripts of depositions in the *Silvers* litigation of any individuals previously identified in initial disclosures or interrogatory responses served in this case, or to whom deposition notices or subpoenas previously have been served in this case, shall be produced within seven days of the date of this Order. In addition, under the doctrine of completeness, any transcript of deposition

of Steven Esrig in the *Silvers* litigation that has not previously been produced shall be produced within seven days of the date of this Order.

2. Plaintiff's request to compel Defendants to produce all responsive and non-privileged electronically stored information, including emails, from January 1, 2008 through March 23, 2018 responsive to RFP Nos. 1, 3, 7, 11, 14, 16, 25, 26, and 30 (*see* ECF No. 148 at 3) is denied without prejudice. Based upon the representations made by Defendants' counsel in his letter dated December 2, 2020 (ECF No. 144), as well as during the telephone conference held on December 3, 2020 (*see* ECF No. 146), Defendants claim to have fulfilled their document production obligations.[1] However, given the relative paucity of Defendants' document production, and for the sake of transparency, counsel for Defendants shall disclose to Plaintiff's counsel during a meet and confer session details of Defendants' document collection and review process, including without limitation the sources searched by Defendants and relevant hit counts.

3. With respect to the parties' dispute regarding search terms as to two custodians (*see* ECF No. 151 at 2), Plaintiff shall cooperate with Defendants in seeking to reduce the hit counts to a more manageable number, using all reasonable and feasible tools at Plaintiff's disposal. If the parties are unable to resolve this dispute, they may seek

---

[1] For the avoidance of doubt, the Court notes that with respect to documents "concerning the Settlement Agreement[,]" the Court expects that Google produced "not only documents from the negotiation, but also documents about what Google did with the Settlement Agreement after signing it, [and] any efforts made to comply[.]" (Pl.'s Reply, ECF No. 148, at 2.) The Court does not expect, however, Google to have produced all documents concerning the subject of the Settlement Agreement, as Plaintiff's interpretation would require, as the Court finds that such production would not be proportional to the needs of the case.

2

court intervention, but that should be a last resort. There is no reason that sophisticated counsel acting in good faith should not be able to resolve disputes over hit counts.

4. With respect to Defendants' request for an order directing Plaintiff to produce documents from the nine third parties by a date certain (*see* ECF No. 151 at 1), the Court hereby Orders that Plaintiff shall commence a rolling production of documents from such third parties no later than December 23, 2020. In addition, no later than December 31, 2020, Plaintiff shall file a letter with the Court as to the status of its production. The Court expects alacrity and diligence from both sides in the discovery process.

5. With respect to Defendants' request for an extension of deadlines (*see* ECF No. 151 at 1), either party may make an application for extension of any interim discovery deadline as and when the need arises for good cause shown.

6. Except as set forth herein, the relief sought in ECF Nos. 138 and 139 is denied.

**SO ORDERED.**

DATED:   New York, New York
         December 9, 2020

_____
STEWART D. AARON
United States Magistrate Judge