# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SM KIDS, LLC, as successor-in-interest to STELOR PRODUCTIONS, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>GOOGLE LLC, ALPHABET INC., XXVI HOLDINGS, INC., and JOHN AND/OR JANE DOES 1-100, Inclusive,<br><br>　　　　　　　　　Defendants. | Case No. 18 Civ. 2637 (LGS) (SDA)<br><br>**PLAINTIFF SM KIDS, LLC'S OBJECTIONS AND RESPONSES TO DEFENDANTS' RULE 30(b)(6) NOTICE OF SM KIDS, LLC** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the corresponding Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiff SM Kids, LLC ("**SM Kids** or **Plaintiff**") hereby responds and objects to the Rule 30(b)(6) Notice to Take Deposition of SM Kids dated January 4, 2021 (the "**Notice**") served by Defendants Google LLC, Alphabet Inc., and XXVI Holdings, Inc. ("**Defendants**") as follows:

## GENERAL OBJECTIONS

Plaintiff objects generally to the Notice, including the "Definitions," on the following grounds, and Plaintiff's responses to each topic incorporate, and are to be read in light of, these General Objections:

1.　Plaintiff objects to the Rule 30(b)(6) deposition as untimely on that grounds that it was noticed after the parties negotiated a full deposition schedule that the parties submitted for the Court's approval, and which the Court approved.

2.　Plaintiff objects to the Rule 30(b)(6) deposition on the grounds that it is unreasonably cumulative and duplicative of deposition testimony taken in this case, including the

*two* depositions Google has taken or will take of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018 and January 22, 2021.  Plaintiff further objects to the Rule 30(b)(6) deposition on the grounds that it is unreasonably cumulative and duplicative of the deposition testimony taken in this case of each of SM Kids, LLC's primary employees, agents, and consultants, including the depositions of Tammy DePaolis, David Evans, Matthew Mazer, Michael Cohen, Bobby Friedman, Allan Cohen, and Jared Lader scheduled for throughout January 2021.  *See In re Zyprexa Prod. Liab. Litig.*, No. 04-MD-1596 (JBW), 2009 WL 10695150, at *4 (E.D.N.Y. May 4, 2009) (finding that highly relevant transcripts from another case should be designated as 30(b)(6) testimony and that the court would not allow "duplicative depositions [that] retread ground already covered"); *Powers v. Mem'l Sloan Kettering Cancer Ctr.*, No. 20 CIV. 2625 (LGS), 2020 WL 6712192, at *2 (S.D.N.Y. Nov. 16, 2020) (quashing portions of 30(b)(6) deposition where information could be obtained from "depositions of other fact witnesses; and is unreasonably cumulative and not proportional to the needs of this case"); *United States v. Niagara Cty., N.Y.*, No. 13-CV-503S SR, 2015 WL 6554713, at *4 (W.D.N.Y. Oct. 29, 2015) (denying motion to compel 30(b)(6) witness to testify regarding affirmative defenses that were purely legal and denying additional 30(b)(6) witness where factual defenses were addressed by a different 30(b)(6) witness).

3. Plaintiff objects to the Rule 30(b)(6) deposition as unreasonably burdensome and disproportionate to the needs of this case.  For the above-stated reasons, Plaintiff will not produce a Rule 30(b)(6) witness on behalf of SM Kids, LLC.

4. These General Objections are incorporated by reference into each and every response below.

## SPECIFIC OBJECTIONS
## AND RESPONSES TO DEPOSITION TOPICS

**TOPIC NO. 1:**

The basis for SM Kids' allegation that it is the successor-in-interest to Stelor Productions' rights in the Settlement Agreement, including but not limited to the assignment or assumption of rights from Stelor Productions to any intermediary person or entity from December 2008 to the present.

**RESPONSE NO. 1:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018. Mr. Garchik has already testified on this topic in this case. Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021. Plaintiff also objects because SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC. Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 2:**

The basis for SM Kids' allegation that it is the owner of the GOOGLES trademark, tradename, domain name, and website, including but not limited to the following: (a) the assignment of these rights or assumption of rights from Stelor Productions to any intermediary person or entity from December 2008 to the present, as well as (b) the persons

or entities who held those rights from December 2008 to the present and when they held those rights.

**RESPONSE NO. 2:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids, LLC's managing member, Mr. Stephen Garchik, on August 2, 2018.  Mr. Garchik has already testified on this topic in this case.  Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021.  Plaintiff also objects because SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC.  Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 3:**

Stelor's "present business" as of December 2008.

**RESPONSE NO. 3:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC.  The question of what constitutes Stelor's "present business" in December 2008 is a question of fact.  Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 4:**

Evidence of confusion between Google's products or services and Stelor's "present business" as of December 2008.

**RESPONSE NO. 4:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC and consumers, between December 2008 and 2018. Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 5:**

Evidence of confusion between Google's products or services and Stelor's "present business" (or the present business of SM Kids or that of its predecessors-in-interest) at any time.

**RESPONSE NO. 5:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC and consumers, between December 2008 and 2018. Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 6:**

The basis for SM Kids' allegation that Google Play, YouTube Kids, Toontastic, Camp Google, Project Bloks, or Google Kids Space is "likely to create confusion in connection with Stelor's present business" as of December 2008 or the present business of SM Kids or its predecessors-in-interest at any time from 2008 to the present.

**RESPONSE NO. 6:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC and consumers, between December 2008 and 2018. SM Kids also object to this request to the extent that it is in the nature of a contention interrogatory. SM Kids is only obligated to present a witness with knowledge of facts underlying its allegations, not its contentions or legal theories. *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means"). Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 7:**

The use of the GOOGLES mark by SM Kids (or its predecessors-in-interest) from 2008 to the present.

**RESPONSE NO. 7:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018.  Mr. Garchik has already testified on this topic in this case.  Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021.  SM Kids objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC, between December 2008 and 2018.  Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 8:**

Revenue from the use of the GOOGLES mark by SM Kids (or its predecessors-in-interest) from 2008 to the present.

**RESPONSE NO. 8:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018.  Mr. Garchik has already testified on this topic in this case.  Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021.  SM Kids objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or

persons prior to its formation, including Stelor Productions LLC, between December 2008 and 2018. Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 9:**

When SM Kids or its predecessors-in-interest under the Settlement Agreement became aware of the existence of Google Play, YouTube Kids, Toontastic, Camp Google, Project Bloks, and Google Kids Space.

**RESPONSE NO. 9:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018. Mr. Garchik has already testified on this topic in this case. Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021. SM Kids also objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC, between December 2008 and 2018. SM Kids also objects on the grounds that the topic is irrelevant. SM Kids will not present a witness respecting this topic.

**TOPIC NO. 10:**

The investments that would have been made in SM Kids (or its predecessors-interest) but for the breach of the Settlement Agreement, including but not limited to the parties that would have made the investments and when.

**RESPONSE NO. 10:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018. Mr. Garchik has already testified on this topic in this case. Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021, Mr. Robert Friedman on January 18, 2021, and Mr. Allan Cohen on a date to be determined. SM Kids also objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC, between December 2008 and 2018. Subject to the foregoing, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids will present a witness only with knowledge of information known or reasonably available to SM Kids.

**TOPIC NO. 11:**

The lost profits that SM Kids (or its predecessors-in-interest) would have made but for the breach of the Settlement Agreement, including but not limited to the specific goods and services that would have generated those lost profits and when.

**RESPONSE NO. 11:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018. Mr. Garchik has already testified on this topic in this case. Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr.

9

Stephen Garchik on January 22, 2021, Mr. Robert Friedman on January 18, 2021, and Mr. Allan Cohen on a date to be determined. SM Kids also objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC, between December 2008 and 2018. SM Kids also object to this request to the extent that it is in the nature of a contention interrogatory. SM Kids is only obligated to present a witness with knowledge of facts underlying its allegations, not its contentions or legal theories. *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means").

SM Kids further objects because the topic seeks information related to SM Kids' expert witness, whose opinion is not yet due in this matter. *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 00-CV-1393, 2004 WL 739959, at *1–3 (E.D. Pa. Mar. 23, 2004) (allowing party to respond to questions that call for legal contentions and expert testimony through interrogatory rather than through 30(b)(6) testimony). SM Kids also objects Google's attempt to use the Notice to obtain expert opinion before expert reports are due. *See, e.g., King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540(DGT), 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008) (court held that if party "was willing to stipulate that it would rely only on expert testimony on a topic, it need not produce a Rule 30(b)(6) witness on that topic").

SM Kids will not present a fact witness respecting this topic.

**TOPIC NO. 12:**

The harm (including any non-economic harm) that SM Kids (or its predecessors-in-interest) allegedly suffered as a result of any breach of the Settlement Agreement.

**RESPONSE NO. 12:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds the terms "harm" and "non-economic harm" are vague and confusing or that they are legal terms of art. SM Kids also objections on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018. Mr. Garchik has already testified on this topic in this case. Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021, Mr. Robert Friedman on January 18, 2021, and Mr. Allan Cohen on a date to be determined. SM Kids also objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC, between December 2008 and 2018.

SM Kids also object to this request to the extent that it is in the nature of a contention interrogatory. SM Kids is only obligated to present a witness with knowledge of facts underlying its allegations, not its contentions or legal theories. *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means").

SM Kids further objects because the topic seeks information related to SM Kids' expert witness, whose opinion is not yet due in this matter. *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 00-CV-1393, 2004 WL 739959, at *1–3 (E.D. Pa. Mar. 23, 2004) (allowing party to respond to questions that call for legal contentions and expert testimony through interrogatory rather than through 30(b)(6) testimony). SM Kids also objects Google's attempt to

11

use the Notice to obtain expert opinion before expert reports are due. *See, e.g., King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540(DGT), 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008) (court held that if party "was willing to stipulate that it would rely only on expert testimony on a topic, it need not produce a Rule 30(b)(6) witness on that topic").

SM Kids will not present a fact witness respecting this topic.

**TOPIC NO. 13:**

The damages that SM Kids (or its predecessors-in-interest) incurred as a result of the conduct alleged in paragraph 48 of the Complaint relating to the Google search engine.

**RESPONSE NO. 13:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018. Mr. Garchik has already testified on this topic in this case. Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021, Mr. Robert Friedman on January 18, 2021, and Mr. Allan Cohen on a date to be determined. SM Kids also objects on the grounds that SM Kids, LLC, as a company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC, between December 2008 and 2018. SM Kids also object to this request to the extent that it is in the nature of a contention interrogatory. SM Kids is only obligated to present a witness with knowledge of facts underlying its allegations, not its contentions or legal theories. *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6)

depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means").

SM Kids further objects because the topic seeks information related to SM Kids' expert witness, whose opinion is not yet due in this matter. *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 00-CV-1393, 2004 WL 739959, at *1–3 (E.D. Pa. Mar. 23, 2004) (allowing party to respond to questions that call for legal contentions and expert testimony through interrogatory rather than through 30(b)(6) testimony). SM Kids also objects Google's attempt to use the Notice to obtain expert opinion before expert reports are due. *See, e.g., King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540(DGT), 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008) (court held that if party "was willing to stipulate that it would rely only on expert testimony on a topic, it need not produce a Rule 30(b)(6) witness on that topic").

SM Kids will not present a fact witness respecting this topic.

**TOPIC NO. 14:**

The basis for SM Kids' allegation that it has incurred damages in the amount of $25 million.

**RESPONSE NO. 14:**

Subject to the General Objections, if the Court requires SM Kids to produce a witness in response to the Notice, SM Kids objects on the grounds that this topic is cumulative and duplicative of the deposition Google took of SM Kids' operating member, Mr. Stephen Garchik, on August 2, 2018. Mr. Garchik has already testified on this topic in this case. Plaintiff further objects because this topic is cumulative and duplicative of the deposition Google will take of Mr. Stephen Garchik on January 22, 2021, Mr. Robert Friedman on January 18, 2021, and Mr. Allan Cohen on a date to be determined. SM Kids also objects on the grounds that SM Kids, LLC, as a

company formed in 2018, cannot be imposed with knowledge of the actions of other entities or persons prior to its formation, including Stelor Productions LLC, between December 2008 and 2018.  SM Kids also object to this request to the extent that it is in the nature of a contention interrogatory.  SM Kids is only obligated to present a witness with knowledge of facts underlying its allegations, not its contentions or legal theories.  *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means").

SM Kids further objects because the topic seeks information related to SM Kids' expert witness, whose opinion is not yet due in this matter.  *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, No. 00-CV-1393, 2004 WL 739959, at *1–3 (E.D. Pa. Mar. 23, 2004) (allowing party to respond to questions that call for legal contentions and expert testimony through interrogatory rather than through 30(b)(6) testimony).  SM Kids also objects Google's attempt to use the Notice to obtain expert opinion before expert reports are due.  *See, e.g., King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540(DGT), 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008) (court held that if party "was willing to stipulate that it would rely only on expert testimony on a topic, it need not produce a Rule 30(b)(6) witness on that topic").

SM Kids will not present a fact witness respecting this topic.

| | |
|---|---|
| Dated:  New York, New York<br>January 11, 2020 | DAVIS WRIGHT TREMAINE LLP<br><br>By: *s/ John M. Magliery*<br>     John M. Magliery<br>     Geoffrey S. Brounell<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY  10020-1104<br>Tel:  (212) 489-8230 |

                                                Fax:  (212) 489-8340
                                                johmmagliery@dwt.com
                                                geoffreybrounell@dwt.com

                                           *Attorneys for Plaintiff*

TO:    Ian Shapiro, Esq.
          Brendan Hughes, Esq.
          COOLEY LLP
          1114 Avenue of the Americas
          New York, NY 10036-7798
          ishapiro@cooley.com
          bhughes@cooley.com

          *Attorneys for Defendant*