USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SM Kids, LLC, as successor-in-interest to Stelor Productions, LLC,

                              **Plaintiff,**

-against-

Google LLC et al.,

                              **Defendants.**

1:18-cv-02637 (LGS) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, the Court issued an Opinion and Order, dated February 23, 2021 ("February 23 Opinion"), addressed to issues of attorney-client privilege (ECF No. 206); and

WHEREAS, on March 9, 2021, Defendants timely filed objections to my February 23 Opinion (see ECF Nos. 214-18); and

WHEREAS, on March 9, Defendants for the first time cited to language in the New York Court of Appeals opinion in *Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 624 (2016), that "statements made to the agents or employees of the attorney or client . . . retain their confidential (and therefore, privileged) character, where the presence of such third parties is deemed necessary to enable the attorney-client communication[.]" *Id*. at 624;[1] and

---

[1] Defendants also cite in their objections to the New York Court of Appeals opinion in *People v. Osorio*, 75 N.Y.2d 80 (1989). However, in a decision prior to *Ambac*, the New York Commercial Division noted that "[r]elying on *Osorio*, Courts have applied the attorney-client privilege to communications of one serving as an agent of either attorney or client. . . . *Osorio* [does] not state . . . that the attorney-client privilege will attach to third-party communications only where the participation of the third-party is necessary in order to facilitate the provision of legal advice." *Lehman Bros. Intern. v. AG Financial Products, Inc.*, No. 653284/2011, 2016 WL 392709, at *4-5 (N.Y. Sup. Ct. Jan. 11, 2016) (citations and internal quotation marks omitted).

WHEREAS, while the Court relied upon other portions of the *Ambac* opinion in issuing its February 23 Opinion, the Court overlooked the language cited by Defendants in their March 9 objections; and

WHEREAS, the foregoing language in *Ambac* causes the Court to believe that further submissions are necessary with regard to the issue of the attorney-client privilege as applied to agents of the client, and as applied to certain of the exemplar documents, and that the Court needs to amend its February 23 Order.

NOW, THEREFORE, it is hereby ORDERED, as follows:

1. The February 23 Opinion (ECF No. 206) is hereby VACATED.

2. No later than March 17, 2021, Plaintiff may submit legal argument regarding the foregoing language in *Ambac*, as well as evidence and/or legal argument as to why the presence of agents was required on the following exemplar documents to enable the attorney-client communication: Doc. No. 20201106_817-000022018, Doc. No. ID20201106_817-000057003, Doc. No. 20201106_817-000052461, Doc. No. 20201106_817-000052477-78, Doc. No. 20201106_817-000066660, Doc. No. 20201121_546-000019059, Doc. No. 20201121_546-000019983; Doc. No. 20201106_817-000033649, Doc. No. 20201106_817-000033650 and Doc. No. 20201106_817-000033669. No later than March 22, 2021, Defendants may submit a response to any submission from Plaintiff.

3. The parties shall appear for a telephone conference with the Court on Thursday, March 11, 2021, at 5:00 p.m. to discuss what additional privilege issues may be further addressed between Plaintiff and Defendants and submitted to the Court so that such issues may

be addressed in the Amended Opinion and Order that the Court intends to issue. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745. It is the Court's intention to address all the overarching privilege issues in its Amended Opinion and Order so that any objections the parties wish to make to Judge Schofield from the Court's privilege rulings can be made and decided a single time.

**SO ORDERED.**

DATED:     New York, New York
           March 10, 2021

_____
STEWART D. AARON
United States Magistrate Judge